| 16 | 161 |
| 97 | 343 |

## ESTATE OF RICHARD KIRTLAN.

THE brother of deceased being entitled to letters of administration on the estate, gave D., a stranger, a writing requesting the Court to appoint him administrator. D. applied for letters, annexing to his petition said writing. At the hearing, the brother asked leave to withdraw the writing, opposed the appointment of D., and prayed letters to himself: *Held,* that the brother waived his right, and that having encouraged D. to go to the expense and trouble of applying for letters of administration, he is estopped from withdrawing his assent and waiver, or renunciation.

The mere fact that one is not of kin to the deceased does not incapacitate him to hold the office of administrator. A stranger is legally competent, though the other parties named in the fifty-second section of the Act concerning the Estates of Deceased Persons, (Wood's Dig. 396) are entitled to priority.

Estate of Richard Kirtlan.

The sixty-sixth section of that act does not restrict the power of appointment given in the fifty-second section. The object of this section—the sixty-sixth—authorizing the appointment of some competent person at the request of the person entitled, to be joined with such person, was to allow those entitled to letters the aid of others more competent.

APPEAL from the Probate Court of Amador.

The paper given by Thomas Kirtlan to Doble was a simple request to the Court to appoint the latter administrator, the reason assigned being, that the former resided at so great a distance from the last residence of the deceased as to make it inconvenient for him to administer upon the estate.

*Briggs & George*, for Appellant.

*Hereford & Long*, of Counsel.

1. The petition of Doble and the renunciation of Thomas Kirtlan were each a nullity. (Wood's Dig. 397, sec. 66, art. 2225.) Although any person, stranger or otherwise, if competent, may administer, yet it must be upon a showing that there is no other person entitled within the knowledge of the petitioner; and when that fact is once disclosed, letters can only issue to a stranger by petition of the party entitled, who may have such stranger joined with him. The petition of Doble disclosed the fact of his knowledge of Thomas Kirtlan's right to administer, and under our system, letters could alone have issued to said Doble jointly with the said Thomas.

2. Thomas Kirtlan had no power to name the administrator. Article twenty-second (Wood's Dig.) confines the power of nomination to the surviving husband or wife; no other of kin to the deceased has such power.

3. If the power to nominate is vested in said Thomas, his power to revoke and annul his appointment must be tantamount to that of naming the administrator. The nomination of Doble placed him in the light of an agent, whose powers could be revoked.

*John W. Armstrong*, for Respondent.

1. Doble is competent to administer. At common law, any discreet person might be appointed executor or administrator. (2 Blac. Com. 503, 505.) Nor does our statute change the law, but on the contrary declares it. (Subd. 10, sec. 52, art. 22, Wood's Dig. 396.) And it is

admitted by appellant that "any person, whether a stranger or otherwise, may administer.

Respondent was entitled to administration until it appeared affirmatively that some one else was entitled to administration in priority of order. The law does not require a negative to be proved. (1 Greenl. Ev. sec. 74.) Letters shall be granted to any applicant, if no one who is entitled to the same offers and claims them to himself. (Wood's Dig. 397, sec. 64, art. 2254.)

2. Appellant had power to transfer his right to administer to respondent. It is admitted that respondent might have been joined with appellent in the administration. This being true, respondent was entitled to letters alone, the appellant having requested that respondent be appointed. (Sec. 66, art. 2255, Wood's Dig. 357.) It is not true, that no other person, except a husband or wife, can name the administrator. The fifty-second section, referred to *supra*, says that "administration of the estate of a person dying intestate shall be granted to some one or more of the persons hereinafter mentioned, and they shall be entitled respectively in the following order: 1st. The surviving husband or wife, or some person as he or she may request to have appointed. 2d. The children, etc."

The Court is compelled to grant administration to the person named by either the husband or wife, without any discretion. But this section cannot be construed so as to prevent persons of the other classes from having other competent persons appointed to administer, and especially when construed in connection with the sixty-sixth section above referred to. This last section says that "administration may be granted to one or more competent persons, although not entitled to the same, at the request of the person entitled to be joined with such person." The appellant was, as brother of the deceased, entitled to be joined with the respondent, and this being so, the appellant had the power of naming the administrator, the Court, in its discretion, approving of the nomination and granting letters. The word "may," in the sixty-sixth section, vests a discretion in the Court. The word "shall," in the fifty-second section, imports obligation. (Smith's Com. on Cont. and Stat. Const. secs. 595, 596.) If the sixty-sixth section grants the power which is contended for, the fifty-second section cannot take it away by implication.

3. There is no similarity at all between the present case and one of agency, and therefore the authority cited in appellant's brief is not in

point. The appellant cannot now revoke the written request made by him, and filed in the Probate Court. Suppose the principles of law which govern agencies govern this case—then he cannot revoke the said request, because it was acted upon by the respondent, and partially performed. (Story's Agency, secs. 466–467 ; *Andrews* v. *Lendsell*, Barn. Ald. 681, 683.) The appellant is estopped from revoking his request made to the Court to appoint the respondent administrator, because respondent had acted upon the request, and as between these parties, the request was complied with. Respondent has been put to costs, and has incurred liability therefor. The law holds appellant to good faith. (*Mitchell* v. *Bud*, 9 Cal. 205, 206 ; 1 Greenl. Ev. 927.)

BALDWIN, J. delivered the opinion of the Court— COPE, J. concurring.

This is an appeal from an order of the Probate Court appointing James Doble administrator of the estate of the deceased. Thomas Kirtlan was the brother of intestate, and gave to Doble a paper renouncing his claim to administer on the estate, and requesting the appointment of Doble. After the filing of the petition, and on the day set for the hearing, Thomas Kirtlan opposed the granting of the order, and filed written objections thereto, and prayed for letters to himself. The Probate Judge granted administration to the first petitioner, Doble. This appeal involves the correctness of this order.

By the fifty-second section of the Act in reference to the Estates of Deceased Persons, (Wood's Digest, 396) it is provided : " Administration of the estate of a person dying intestate shall be granted to some one or more of the persons hereinafter mentioned, and they shall be, respectively, entitled in the following order : 1. The surviving husband or wife, or some person as he or she may request to have appointed. 2. The children. 3. The father or mother. 4. The brother. 5. The sisters. 6. The grandchildren. 7. Any other of the next of kin who would be entitled to share in the distribution of the estate. 8. The Public Administrator. 9. Creditors. 10. Any person or persons legally competent; provided, that when there was any partnership existing between the intestate, at the time of his death, and any other person, the surviving partner shall in no case be appointed administrator of the estate of such intestate."

By the sixty-sixth section it is provided, that administration may be granted to one or more competent persons, although not entitled to the

same, at the request of the person entitled, to be joined with such person.

There is no incapacity to hold this office, from the mere fact that the applicant is not of kin to the deceased.   On the contrary, by the fifty-second section, a stranger is legally competent, though others are entitled to priority.   And by the sixty-seventh section, when letters have been granted to any other person than the surviving husband or wife, brother, etc., any one of them may obtain the revocation of the letters, by presenting to the Probate Court a petition, etc.

We do not understand the sixty-sixth section as restricting the power of appointment given in the fifty-second section.   The object of this section was to allow to those entitled the aid and assistance of others who might be more competent to attend to such business.

At the time of respondent's petition no one had applied for administration.   The respondent might, therefore, as well apply as any other person.   If, after notice, no one contested, or claimed the office in priority to him, the Court might appoint him, subject to the right of the person in priority, as given in the sixty-seventh section.

The brother had a right to contest, or not, as he chose.   He chose not to do so when the application of respondent was made ; indeed, he expressly waived his right and encouraged the petitioner to make application for the appointment.   We do not see that the brother might not have waived this right of administration, as well as any other right, in favor of a competent person ; and having done so, and encouraged the petitioner to go to expense and trouble in applying for this office, why he is not, upon familiar principles, estopped now from withdrawing his assent and waiver, or renunciation.

Judgment affirmed.