## JONES *v.* MARTIN.

A CERTIFIED copy of a deed from the County Recorder's office, contained in the margin of the *acknowledgment* taken before a Notary, and in the place where his seal is usually found, the words "no seal" thus: [No Seal]—the conclusion of the acknowledgment being " In witness whereof, I have hereunto set my hand and affixed my official seal, the day and year," etc.   The Court below ruled out the copy of the deed as evidence, on the ground that the acknowl-

edgment did not have the Notary's seal: *Held,* that the Court erred; that the words "no seal," instead of implying that there was no seal affixed, were a mere note by the Recorder of the place of the notarial seal, which he probably had no means of copying.

A Recorder, in certifying to copies of deeds from his office, need not transcribe the notarial seal to the acknowledgment—the certificate of acknowledgment in this case stating that the Notary did affix his seal.

APPEAL from the Twelfth District.

Suit by plaintiff against William Martin, to set aside a warrantee deed executed by defendant to plaintiff, and to recover the consideration given therefor, to wit: five hundred dollars cash, and a promissory note of plaintiff for five hundred dollars more, on the ground of failure of title—the defendant having previously conveyed the land, as was claimed, to other persons.

On the trial, plaintiff, among other deeds from defendant, offered in evidence a certified copy of one from Patrick Martin to one Reed. This copy, on its face, showed that the deed purported to be acknowledged before Charles Halsey, a Notary Public, and his certificate concludes thus:

"In witness whereof, I have hereunto set my hand and affixed my official seal, the day and year first above written.

[No Seal.]                                    "CHARLES HALSEY,
                                                 "Notary Public."

Then follows the certificate of the County Recorder that the foregoing is a true copy of an instrument on file in his office.

On defendant's objection, this copy was ruled out, on the ground that it appeared on the face thereof, that there was no seal of the Notary who took the acknowledgment. Defendant had judgment. Plaintiff appeals.

*Nugent & Judah,* for Appellant.

*W. T. Gough,* for Respondent.

BALDWIN, J. delivered the opinion of the Court—FIELD, C. J. and COPE, J. concurring.

We think the Court erred in excluding the deed in this case. Take the transcript altogether, and we think it shows sufficiently that the seal of the Notary was affixed to the instrument. The certificate asserts

Falkner *v.* Hunt.

that the Notary affixed his seal to it, and the words "No seal," in brackets in the margin, do not imply that there was no seal affixed, but are a mere note of the Recorder of the place of the notarial seal, which he had probably no means of copying, nor was it necessary that he should transcribe it.

Judgment reversed and cause remanded.