## In re SILVAR'S ESTATE.

### S. F. No. 331; October 7, 1896.

#### 46 Pac. 296.

**Administrators—Appointment of Stranger—Revocation.—Code** of Civil Procedure, section 1379, having authorized a court to appoint a stranger as administrator of an estate upon the written request of one who would himself be entitled to letters of administration, where such request and a renunciation have been filed by a petitioner, and proceedings for his appointment have been instituted, the heir will not be permitted to revoke it without reason.

**Administrators—Withdrawal of Request for Appointment.—** Where an Order refusing to permit an heir to withdraw a request for the appointment of another as administrator of an estate is based on conflicting testimony, it will not be reversed on appeal.

APPEAL from Superior Court, Santa Cruz County; J. H. Logan, Judge.

Application for the appointment of Joseph L. Enos as administrator of the estate of Silvar, deceased. From an order granting the petition, Antonio Silvar appeals. Affirmed.

Frank B. Josephs, Delmas & Shortridge, Edw. A. Holman and Edw. H. Shaw for appellant; Lindsay & Cassin for respondent.

PER CURIAM.—A petition for letters of administration upon the estate of the above-named decedent was filed in the superior court by Joseph L. Enos, who stated therein that he had been requested by Antonio Silvar, the brother of the deceased, to act as administrator of the estate, and accompanied his petition with the written renunciation by said Antonio of his right to letters of administration upon the estate, and a request to the court to appoint Enos as such administrator. Prior to the day set for hearing the petition, Antonio filed a revocation of his said renunciation, and a petition that he might himself be appointed administrator of the estate, and also filed an opposition to the appointment of Enos, upon the ground of his incompetency. The petitions were heard together, and the court granted that of Enos, and ordered letters of administration to be issued to him. From this order Antonio has appealed.

The court found "that the revocation of the waiver of said Antonio of his right to act as such administrator, and his request for the appointment of said Enos, as stated in the findings herein, was without reason in fact, but such revocation was solely on the ground that said Antonio had changed his mind in relation thereto"; and, as a conclusion of law, found "that said revocation by said Silvar was not authorized in law, and was for that reason void." The principal grounds urged upon the appeal are that the request of Antonio for the appointment of Enos was obtained by fraud, and was made upon the agreement by Enos that he would withdraw whenever Antonio should so wish, and that since making the request Enos had manifested such hostility to the rights of Antonio as to justify the withdrawal of his request. The evidence upon these several questions of fact was sharply conflicting at the trial, and we are therefore precluded from disturbing the conclusions of the court thereon. The statute (Code Civ. Proc., sec. 1379) authorizes the court to appoint a stranger as administrator, upon the written request of one who would himself be entitled to letters of administration; and in Re Kirtlan's Estate, 16 Cal. 161, it was held that after having made such request, and encouraged the petitioner to go to the expense and trouble of applying for the office, the heir would be estopped from withdrawing his renunciation: See, also, In re Bedell's Estate, 97 Cal. 339, 32 Pac. 323. The order is affirmed.