[S. F. No. 1483.    Department One.—March 18, 1899.]

In the Matter of the Estate of JOSEPH RINGOT, Deceased. E. D. SAWYER, Appellant, v. HERBERT N. TAYLOR, Respondent.

WILL—CODICIL—APPOINTMENT OF EXECUTOR.—An olographic will designating a person who shall settle the estate is superseded, as to such designation, by a codicil expressly made part of the will, designating another person to have "full charge" of the estate "on and after the death" of the testator, "to receive all moneys and pay all bills for the term of seven years, and to be paid a liberal sum each and every year"; and the person so designated in the codicil is properly appointed by the court as executor of the will.

ID.—SPECIFICATIONS IN CODICIL—PERIOD OF SERVICE—YEARLY COMPENSATION.—The specifications in the codicil as to the period of service for seven years, and as to a yearly compensation, do not defeat the intention of the testator that the person designated in the codicil shal be the executor of the will, nor do they require that the administration of the estate shall be kept open for seven years.  The direction for yearly compensation is to be followed during the administration, but no allowance therefor is to be made without the approval of the court, which can make such

allowance from time to time as may be just, in view of the condition of the estate, and the extent to which the administration has been completed.

APPEAL from an order of the Superior Court of San Benito County granting letters testamentary. M. T. Dooling, Judge.

The facts are stated in the opinion of the court.

John M. Burnett, for Appellant.

Briggs & Hudner, for Respondent.

HARRISON, J.—Appeal from an order granting letters testamentary.

The will of the decedent is olographic, bearing date June 11, 1896, and is as follows:

"I, Joseph Ringot of Hollister San Benito County State of California being of sound mind and understanding does make and declare this to be my last will, I have deeded to my wife Mary Belle Ringot her share of my estate The remainder after all my just debts are paid I give and bequeath to the following named persons share and share alike [naming them] —I desire that E. D. Sawyer of San Francisco shall settle my estate.

"Hollister June 11th 1896.

"JOSEPH RINGOT."

December 31, 1897, he made a codicil thereto in the following terms:

"On and after my Death I want Mr. Herbert Nelson Taylor to have full charge of my Estate to receive all moneys and pay all Bills for the term of Seven years And to be paid a liberal sum each and every year This is a part of my will.

"Hollister Dec. 31st 1897.

"JOSEPH RINGOT."

The original will and the codicil were found in the desk of the deceased, each inclosed in a separate sealed envelope, and on the back of the envelope inclosing the codicil was indorsed in the handwriting of the deceased, "On my death to be delivered to Herbert Nelson Taylor." The envelope inclosing the original will was addressed to Stephen L. Piper, a nephew of the deceased, who testified that the testator, about a year

and a half before his death, told him that he would find his will in his desk, and that he was to deliver it to the appellant.

After the death of the testator the appellant presented the will and codicil for probate, with a petition for letters testamentary, and a counter-petition was presented by Mr. Taylor. The petitions were heard together, and the court admitted the two instruments to probate as constituting the last will of the deceased, and granted letters testamentary thereon to Taylor and denied the appellant's petition. From this order the present appeal is taken, the appellant contending that the testator named Taylor only as an agent for specific purposes, and that the original appointment of the appellant as executor is not affected thereby.

In neither of the instruments does the testator name any person to be the executor of his will, but if either of them had been presented for probate without the other, the court would have been authorized, under the provisions of section 1371 of the Civil Code, to grant letters testamentary to the person therein named. If the testator had made no other provision than that in the codicil for the exercise of the functions of an executor, the court would properly have determined that it was his intention that the respondent should be the executor of his will. His expression "on and after my death I want Herbert N. Taylor to have full charge of my estate," sufficiently indicates his intention in this respect, and is fully as cogent as his declaration in the original will that he desired the appellant to "settle" his estate; and if each is to be construed as of equal import in determining the intention of the testator, the direction in the codicil must be held to supersede that in the original will. His declaration, "This is a part of my will," indicates that he intended that the respondent should exercise all the functions named in the codicil. He could not, however, have "full charge" of the estate and "receive all moneys and pay all bills" if the appellant should receive letters testamentary; and the direction that he shall have such full charge "on and after my death" is inconsistent with the contention that the testator intended that the appellant should be appointed executor with a direction to employ the respondent as his agent.

This construction is not defeated by the subsequent provision specifying a period for his services, and providing for his compensation. This clause does not require that the administration shall be kept open for seven years, and, if the estate shall be ready to be closed before the expiration of that time, the duties of the respondent will cease. Section 1618 of the Code of Civil Procedure implies that a testator may by his will provide compensation for his executor different from that provided by the statute, and no reason is suggested why he may not, under this provision, direct that his executor shall receive a portion of such compensation at stated intervals during the administration of the estate. No allowance therefor could be made without the approval of the court, and, as the court would at all times have the estate under its control, it could make such allowance from time to time as would be just, in view of the condition of the estate and the extent to which the administration had been completed.

The order is affirmed.

Garoutte, J., and Van Dyke, J., concurred.