[L. A. No. 5399.    Department One.—April 11, 1918.]

In the Matter of the Estate of AMOS LOWE, Deceased.
LOUESA LOWE, Appellant, v. FRANK E. LOWE
et al., Respondents.

WILLS—NONTESTAMENTARY INSTRUMENT—REFUSAL OF PROBATE.—Probate is properly refused of a writing offered as the will of a deceased husband but purporting on its face to be a mere agreement between the husband and his wife for the support of the latter, and manifestly not drawn and signed *animo testandi.*

ESTATES OF DECEASED PERSONS — EXECUTORS AND ADMINISTRATORS — RIGHT OF WIDOW TO LETTERS — WAIVER AND WITHDRAWAL OF WAIVER.—A widow, entitled to letters of administration on the estate of her deceased husband, having requested the court in writing to grant the administration to her children, is not estopped thereby from withdrawing her request before the hearing and applying for letters to herself.

ID.—WAIVER WITHOUT ESTOPPEL—DISCRETION OF TRIAL COURT.—Although there is no strict estoppel *in pais* in such case, a party may be held to a waiver of a prior right to letters even though the elements of an estoppel *in pais* do not appear, the rule being that where it is sought to retract such a waiver, it is for the trial court, in the exercise of a sound discretion, to determine whether greater weight should be given to the original surrender or to the subsequent assertion of the right.

ID.—SEPARATE PROPERTY OF HUSBAND—SURRENDER BY WIDOW OF RIGHT TO SUCCEED—FINDING ON WITHDRAWN ISSUE—HARMLESS ERROR.—Where, by the pleadings, an issue was made as to the validity and effect of an agreement between the decedent and his wife, who survived him, by which, as claimed by the children, the widow had surrendered any right to succeed to the separate property of the decedent, but a stipulation was made during the trial between the parties with the consent of the court, by which the issues regarding the agreement were withdrawn from consideration as immaterial, the court should not have undertaken to pass upon the issues thus withdrawn, but the error in passing upon such issues and making a finding against the widow with respect to such agreement was harmless under the circumstances since, on the entire record, it appears that the finding relates to a matter that was not material, and that such finding will not, therefore, control the parties in any subsequent proceeding.

APPEAL from an order of the Superior Court of San Luis Obispo County.    T. A. Norton, Judge.

The facts are stated in the opinion of the court.

S. V. Wright, and I. S. Genter, for Appellant.

Alex Webster, for Respondents.

SLOSS, J.—Upon the death of Amos Lowe rival application for letters of administration were presented by the respondents, children of deceased, and by the appellant, his surviving wife. The widow also asked for the probate of a paper claimed to be the will of Amos Lowe. The widow appeals from the order denying her petition.

The court below was clearly right in refusing probate to the paper offered as a will. The writing on its face purported to be a mere agreement between husband and wife for the support of the latter, and was annexed to an earlier writing of like character signed by the two. Although signature by both was contemplated, the husband alone signed. Whether there was an effective execution of the agreement contemplated is not to the point. Manifestly the paper was not drawn and signed *animo testandi.* (*Tennant* v. *John Tennant Memorial Home,* 167 Cal. 570, [140 Pac. 242]; *Estate of Keith,* 173 Cal. 276, [159 Pac. 705].)

The other point in controversy was over the right to administer. The widow was entitled to letters, unless she had waived her prior claim. (Code Civ. Proc., sec. 1365.) The petition of the respondents was first filed, and was accompanied by a request, signed by the widow, that it be granted. Before the hearing the widow filed an application for the grant of letters to herself, asking that her prior request in favor of the son and daughter be disregarded. The court found that there was no good or sufficient reason for this change of position. There is a further finding to the effect that the respondents had gone to expense and trouble on the faith of the widow's request. This is, in effect, a finding of estoppel. We think the appellant is right in her claim that the evidence does not support the finding last mentioned. But a party may be held to a waiver of a prior right to letters even though the elements of an estoppel *in pais* do not appear. The rule established by our decisions is that where it is sought to retract such a waiver, it is for the trial court, in the exercise of a sound discretion, to determine whether greater weight should be given to the original surrender, or to the subsequent asser-

tion of the right. (*Estate of Kirtlan,* 16 Cal. 162; *Estate of Moore,* 68 Cal. 281, [9 Pac. 164]; *Estate of Bedell,* 97 Cal. 339, [32 Pac. 323]; *Estate of Shiels,* 120 Cal. 347, [52 Pac. 808].) Though the evidence was conflicting, there was enough to support the finding that the widow changed her mind without good reason, and this finding, as we have seen, warranted the grant of letters to the respondents, irrespective of any question of strict estoppel.

Complaint is made of various rulings on the admission and rejection of evidence. If error was committed in any instance, it was not of sufficient consequence to require a reversal.

By the pleadings an issue was made regarding the validity and effect of the first agreement between the appellant and her husband, under which, as was claimed by the respondents, the widow had surrendered any right to succeed to the separate property of the decedent. During the trial, a certain stipulation was made, pursuant to which the issues regarding the agreement were, by agreement of the parties, accepted by the court, withdrawn from consideration as immaterial. The court, nevertheless, made a finding against the widow with respect to the agreement. The appellant argues that this finding will bind her in subsequent litigation. The court should not have undertaken to pass upon the issue thus withdrawn. But we think the harmful effect which the appellant fears will not follow. On the entire record it appears that the finding relates to a matter which was not material, and such finding will not, therefore, control the parties in any subsequent proceeding. (*Collins* v. *Gray,* 154 Cal. 131, 135, [97 Pac. 142].)

The order is affirmed.

Shaw, J., and Richards, J., *pro tem.,* concurred.

Hearing in Bank denied.