[S. F. No. 9949. In Bank.—September 12, 1922.]

In the Matter of the Estate of CATHERINE MATILDA CONNICK, Deceased. ACHSA J. CONNICK, Appellant, v. HENRY A. HANSEN, Respondent.

[1] ESTATES OF DECEASED PERSONS—LETTERS OF ADMINISTRATION— SUBSEQUENT INCOMPETENCY OF NOMINOR—EFFECT OF.—The right of the nominee of a person other than the surviving husband or wife entitled to administer upon an estate to receive the appointment as administrator must be determined by the state of facts existing at the time such appointment is to be made, and if at such

time the nominor has either rightfully withdrawn his nomination
or has become himself for any reason incompetent or no longer
entitled to be appointed such administrator, the right of his
nominee to receive such appointment must also be held to have
ceased.

APPEAL from an order of the Superior Court of Humboldt County granting letters of administration. Denver Sevier, Judge. Affirmed.

The facts are stated in the opinion of the court.

J. H. G. Weaver for Appellant.

Jas. W. Henderson for Respondent.

RICHARDS, J., *pro tem.*—This appeal is from an order of the superior court denying the petition of one Achsa J. Connick to be appointed administratrix of the estate of ·Catherine Matilda Connick, deceased, and granting the petition of Henry A. Hansen, public administrator of the county of Humboldt, to be appointed administrator of said estate. The facts as shown by the record are undisputed and are briefly these: Catherine Matilda Connick died on December 24, 1905, leaving as her sole heir at law her son, Amos H. Connick. On November 9, 1920, Amos H. Connick, being himself competent to be appointed administrator of his mother's estate, executed a request to the court in writing for the appointment of H. G. Gross, C. H. Palmtag and Achsa J. Connick to act as administrators of said estate, waiving therein his own right to act as such administrator. On April 6, 1921, said Amos H. Connick died. Thereafter H. G. Gross and C. H. Palmtag each executed their waiver in writing of their right to administer said estate under said requested appointment, and requested the court to appoint Achsa J. Connick as the sole administratrix of the estate of said Catherine Matilda Connick, deceased. On April 9, 1921, said Achsa J. Connick filed her petition to be appointed administratrix of said estate, alleging therein that she was a niece of said Catherine Matilda Connick, deceased, and as such was entitled to letters of administration therein. On April 14, 1921, Henry A. Hansen, public administrator

of the county in which the proceedings for the administration of said estate were pending, filed his written opposition to the petition of said Achsa J. Connick for letters of administration of said estate, alleging that said Achsa J. Connick was not an heir of said deceased, and that there was no heir of said deceased now residing in the state of California. He, therefore, made application to be appointed the administrator of said estate as the only person qualified to become such, and prayed that his said application be granted and that letters of administration be issued to him. These opposing petitions were set for hearing for April 24, 1921, but on that day Achsa J. Connick obtained an order continuing the hearing thereon until May 2, 1921. On April 29, 1921, said Achsa J. Connick for the first time filed the document wherein Amos H. Connick requested the court to appoint her as the administratrix of said estate and had waived his own right to administer thereon. On May 2, 1921, the hearing upon both petitions came on before the court, upon and after which the order was made denying the petition of Achsa J. Connick to be appointed administratrix of said estate, and granting the petition of said Henry A. Hansen for letters of administration therein. It is from this order that Achsa J. Connick has taken and prosecutes this appeal.

[1] The sole question presented upon this appeal is as to the prior right of the appellant to be appointed administratrix of said estate; she insists that she had that right by virtue of the written request for her appointment executed by Amos H. Connick, the sole heir of said decedent, a short time prior to his death. She insists that her right to such appointment became absolute upon the death of said Amos H. Connick and was unaffected thereby, and hence that the trial court should have granted her said application. We are unable to agree with this contention. The privilege of seeking appointment as administrator of the estate of a deceased person, which is predicated upon the written request of the surviving husband or wife of the decedent or of such other person as is entitled to administer, is entirely of statutory origin and arises by virtue of sections 1365 and 1379 of the Code of Civil Procedure. The first of these sections confers upon the surviving husband or wife the right of requesting the appoint-

ment of some competent person, and it has been held that this right inheres in the surviving husband or wife, even though they are not themselves competent to receive the appointment (*Estate of Cotter,* 54 Cal. 215; *Estate of Stevenson,* 72 Cal. 164 [13 Pac. 404]; *Estate of Dorris,* 93 Cal. 611 [29 Pac. 244]; *Estate of Myers,* 9 Cal. App. 694 [100 Pac. 712]). These cases do not, however, hold, as is insisted by the appellant, that the nominee of a surviving husband or wife has the absolute right to be appointed by virtue thereof, but on the contrary it has been held that the nomination of a surviving husband or wife can be retracted or revoked by the nominor at any time before the hearing upon the application based thereon (*Estate of Shiels,* 120 Cal. 347 [52 Pac. 808]; *Estate of Lowe,* 178 Cal. 111 [172 Pac. 583].) A similar right of retraction of the nomination of a person for appointment as administrator, conferred under the terms of section 1379 of the Code of Civil Procedure, was also recognized in the early case of *Estate of Kirtlan,* 16 Cal. 165, the limitation in each class of cases being that the nominor, whether husband or wife of the decedent or other person entitled to administer, may be estopped to withdraw such nomination where the nominee has gone to the trouble and expense of seeking the appointment on the faith of the nomination (*Estate of Kirtlan, supra; Estate of Lowe, supra*). The only real difference between the two sections of the Code of Civil Procedure above referred to is that by virtue of section 1365 a surviving husband or wife, though themselves incompetent to serve, may confer upon some competent person the right to be appointed, while by section 1379 only the nominee of one who is himself competent to serve can be considered by the court. (*Estate of Bedell,* 97 Cal. 339 [32 Pac. 323].) The effect of these decisions is not only to destroy that portion of appellant's contention that the nominee of a person other than the surviving husband or wife entitled to administer gains thereby an absolute and irrevocable right to seek such administration which cannot be affected by the subsequent change in the status of the nominor; but it would also seem to follow, logically, therefrom that the right of such nominee to receive the appointment as administrator must be determined by the state of facts existing at the time such appointment

is to be made, and if at such time the nominor has either rightfully withdrawn his nomination or has become himself for any reason incompetent or no longer entitled to be appointed such administrator, the right of his. nominee to receive such appointment must also be held to have ceased. It follows that the trial court was correct in its refusal to appoint the appellant herein as administratrix of said estate and in the making of its order appointing the public administrator · to serve as the administrator thereof.

Order affirmed.

Waste, J., Myers, J., *pro tem.,* Shaw C. J., Lennon, J., and Lawlor, J., concurred.