[L. A. No. 9523. In Bank.—September 14, 1927.]

In the Matter of the Estate of ROBERT S. PARKER, Deceased. S. B. McFARLAND, Appellant, v. FRANK BRYSON, Administrator, etc., Respondent.

[1] ESTATES OF DECEASED PERSONS—WILL—CONSTRUCTION—CONSIDERATION OF CIRCUMSTANCES.—In determining whether a document informal in its nature was intended as a testamentary disposition of property it must be read in the light of the circumstances under which it was written.

1. See 26 Cal. Jur. 873.

[2] ID.—FACTS SHOWING TESTAMENTARY INTENT.—Where it is shown that the decedent was a man of the age of seventy-six years, that he was illiterate and wrote the instrument claimed to be a will (which was addressed to a certain party and his family) himself, evidently with no legal assistance, that he had no heirs at law, that he regarded himself as a friend of the parties addressed, his property was described, a direction was given that moderate funeral expenses be incurred and paid, that expenses of illness be paid, and there was a clear implication that the residue of the estate should go to the parties addressed, the instrument and circumstances under which it was written show a testamentary intent.

[3] ID.—CONSTRUCTION OF PHRASE.—The words, "my Will To S. McFarland and Family," in such a document, indicate the testator's intent to make a will.

[4] ID.—APPOINTMENT OF EXECUTOR—FORM.—No particular form of appointing an executor is prescribed, nor is it necessary that one be designated by that particular name. It is sufficient if the will uses expressions pointing at the essential functions of an executor, functions which exist in consistent combination.

---

(1) 40 Cyc., p. 1077, n. 73.   (3) 40 Cyc., p. 1092, n. 12.   (4) 23 C. J., p. 1021, n. 34.

APPEAL from an order of the Superior Court of Los Angeles County denying a petition for letters of administration with the will annexed. Sidney N. Reeve, Judge. Reversed.

The facts are stated in the opinion of the court.

Walter F. Keen and Alfred T. Hutchins for Appellant.

Everett W. Mattoon, County Counsel, W. Sumner Holbrook, Jr., Deputy County Counsel, and Frank Bryson, *in pro. per.*, for Respondent.

---

2. What writings amount to wills, notes, 92 Am. Dec. 284; 89 Am. St. Rep. 488. See, also, 2 Cal. Jur. 875; 28 R. C. L. 109, 113. Sufficiency of letter as will, notes, 15 L. R. A. 635; 17 L. R. A. (N. S.) 1126. See, also, 28 R. C. L. 113. When may instrument executed with the formality of a will but not couched in the formal testamentary phraseology be admitted to probate, note, 41 L. R. A. (N. S.) 39.

4. See 11 Cal. Jur. 296, 297.

LANGDON, J.—The appellant, S. B. McFarland, filed a petition in the superior court in and for the county of Los Angeles for the probate of a document which he alleged to be the last will and testament of Robert S. Parker, deceased. The petition alleged that the value of the estate was approximately $3,900; that testator left no heirs at law; that at the time the document in question was executed testator was of the age of seventy-six years and in every respect competent to make a will; that the document is entirely in the handwriting of testator and dated and signed by him, and reads as follows:

"Los Angeles Feb 4 1922
          "624 W 49 Pl
"To S. B. McFarland and Family
"Thare is 2200 In Bonds In A Larje Envelop They Belong to R. F. Frazie I Loned Him 1500 Fifteen Hundred Dollars on Them   now Sam All I want is To Be Put away Decent Not Expensive and if I Should Be Sick and Eny Bills I wished you would Pay them Thare is 500 In Bonds Them are mine Gold and Paper I Will Tell you all When I see you
"my Will To S. McFarland and Family
                    "I Remain your Friend
                         "ROBERT S. PARKER."

Petitioner asked to have the foregoing document admitted to probate as the last will of decedent and that petitioner be appointed executor according to the tenor of said will, or administrator with the will annexed, as the court should see fit.   While this petition was pending and undetermined, the respondent, as public administrator, petitioned for the probate of the same document as the last will of decedent, and asked that he be appointed administrator with the will annexed, upon the theory that no appointment was made in the will of an executor.

The trial court, however, refused the petition of both parties to admit the said document to probate as the last will of decedent and, later, the public administrator filed his petition for letters of administration, alleging that the document in question is an ambiguous writing.  This petition was granted, and from the order denying probate to the

document and refusing to appoint appellant executor thereof, and from the order appointing respondent as administrator of said estate, an appeal has been taken.

[1] The only question presented upon the appeal is the sufficiency of the said document as a testamentary disposition of property. In determining this matter, we must read the document in the light of the circumstances under which it was written. Counsel states that, unfortunately, no stenographic record was made of the evidence introduced at the hearing. [2] However, some pertinent facts appear from the record presented in the clerk's transcript, first, that decedent was a man of the age of seventy-six years; that he was illiterate and wrote the will himself, evidently with no legal assistance; that he had no heirs at law; that he regarded himself as a friend of S. B. McFarland and family. With these facts in mind, it seems that the document in question, although it is most informal, indicates a testamentary intent. The property of the testator is described, a direction is given that moderate funeral expenses be incurred and paid and that expenses of illness be paid, and there is a clear implication that the residue of the estate should go to S. B. McFarland and family.

[3] The words, "My will to S. McFarland and Family" is a characteristic expression of persons of little education and no familiarity with technical legal phraseology. Anyone who has heard many such persons discuss a matter of this kind has heard expressions such as "I made my will to my mother," etc. Respondent contends that the words "My will to S. McFarland and Family" should be interpreted as though they were "My good will to S. McFarland and family," a general courteous expression in closing the communication. Such a formal intention is inconsistent with the general informality of the document and the language used therein. No addition seems necessary to the language used. "My will to S. McFarland and Family" seems to us a precise expression of the testator's intent. He was "making his will" to S. McFarland, and by that he understood that he was leaving all his property to him. Common human experience seems to support such an interpretation, and the entire document, considered in connection with the surrounding circumstances, leads to the conclusion that the testator had testamentary intent in making the writing

offered for probate. Indeed, it so impressed the respondent in the first instance, for he, too, petitioned for the probate of the same as a will.

We think no useful purpose would be served by a discussion of the cases cited upon both sides in which writings have been held to be or not to be wills. Each case is a law unto itself, for there are no two of the documents presented for our consideration which bear sufficient resemblance to be comparable.

[4] The only other question to be decided is whether or not appellant is appointed executor by said writing. The document impliedly directs McFarland to collect the debt owing to testator and expressly directs him to pay bills of decedent and to "put (testator) away decent not expensive," and then leaves one with the thought that any balance is to go to McFarland and family. No particular form of appointing an executor is prescribed, nor is it necessary that one be designated by that particular name. It is sufficient if the will uses expressions pointing out the essential functions of an executor, functions which exist in consistent combination. (Schouler on Wills, 6th ed., sec. 1509.) Where it appears by the terms of a will that it was the intention of the testator to commit the execution thereof and the administration of his estate to any person as executor, such person, although not named executor, is entitled to letters testamentary in like manner as if he had been named executor. (Sec. 1371, Civ. Code.)

The judgment and orders appealed from are reversed.

Preston, J., Seawell, J., Richards, J., Waste, C. J., Curtis, J., and Shenk, J., concurred.