[L. A. No. 9985. In Bank.—February 24, 1928.]

In the Matter of the Estate of MARGUERITE I. SPENCER, Deceased. C. E. SPENCER, Appellant, v. WALLACE W. WEMOTT et al., Respondents.

Spencer & Dennis, Alfred E. Dennis, C. E. Spencer, Charles W. Chase, E. R. Young, E. L. Searle and F. Forester Chase for Appellant.

Cantillon & Hamilton, Cantillon & Sievers and Frank A. Sievers for Respondents.

LANGDON, J.—Appeal by C. E. Spencer, petitioner for letters of administration with the will annexed in the above-entitled matter, from that portion of an order of the superior court of the state of California, in and for the county of Los Angeles, whereby Wallace W. Wemott and Robert R. Curry were appointed executors of the last will of deceased and whereby the petition of said appellant was denied.

The question presented upon the appeal is whether or not the trial court erred in holding that the will of decedent named Messrs. Wemott and Curry executors, by implication, if not directly. The will was written in its entirety by testatrix in her own handwriting and is as follows:

"I hereby do give and bequeath to my daughter Lois Roberta Spencer all my personal property and furnishings at the home at 1601 Country Club Dr. Glendale.

"Out of my share of the community property I leave to my mother Alice V. Anable the sum of one thousand dollars ($1000) the same to be used at least in part to put her in some home.

"Of the remainder of my share of community property I leave two-thirds (⅔) to my daughter Lois Roberta and one-third (⅓) to my son William Edward Spencer.

"I desire my two friends Wallace W. Wemott and Robert R. Curry to act without bond as custodians of property for both children and guardians for Lois Roberta Spencer.

"MARGUERITE I. SPENCER,
"April 14, 1927."

The problem of the trial court was to find the intention of the testatrix from the language used. In seeking for such intent, there are certain well settled principles of interpretation and construction enumerated by this court in *Estate of Peabody*, 154 Cal. 173 [97 Pac. 184], as follows:

"The important thing is the intention of the testator (sec. 1317). This is to be ascertained from the words of the will, taking into view the circumstances under which it was made (sec. 1318). All parts of the will are to be considered in relation to each other so as to form, if possible, a consistent whole (sec. 1321). Words are to be taken in their ordinary grammatical sense, unless a clear intent to use them otherwise is apparent and that sense can be ascertained (sec. 1324). Technical words are not to be taken in their technical sense if it satisfactorily appears that the will was drawn solely by the testator and that he was unacquainted with such technical sense (sec. 1327). 'A technical construction of words and phrases, although *prima facie* the one which should prevail, will not go to the extent of defeating any obvious general intention of the testator, since wills are often prepared by those wholly unacquainted with the precise technical force of legal formulas.' (Citing numerous authorities.)"

In the instant case, also, section 1371 of our Civil Code is applicable. That section provides that when it appears by the terms of a will that it was the intention of the testator to commit the execution thereof and the administration of his estate to any person as executor, such person, although not named as executor, is entitled to letters testamentary in like manner as if he had been so named.

It is apparent that there is some ambiguity and a lack of precision in the language of the testatrix, which is not unusual in holographic wills. In solving a problem such as is presented here, each case must depend upon its own peculiar facts, as was pointed out in *Estate of Henderson,* 161 Cal. 357 [119 Pac. 496].

We do not think the court abused its discretion in making the order appealed from and that order is affirmed.

Richards, J., Shenk, J., Curtis, J., Preston, J., and Seawell, J., concurred.

Rehearing denied.

All the Justices present concurred.