[Civ. No. 17515.   Second Dist., Div. Two.   July 24, 1950.]

Estate of MATTIE CLARY, Deceased.   EULYNE AN-RECHT et al., Respondents, v. BEN H. BROWN, as Public Administrator, etc., Appellant.

Harold W. Kennedy, County Counsel, and Baldo M. Kristovich, Deputy County Counsel, for Appellant.

Vern E. Garten for Respondents.

MOORE, P. J.—The public administrator appeals from a judgment (1) denying him letters of administration with will annexed and (2) granting letters testamentary to Drury D. Dixon, the son of decedent.

Testatrix left a holographic will in words and figures as follows:

"120 W. Claude St.
Compton, Calif.

Jan. 25 1947

I, Mattie Clary, makes this statement concerning the disposition of my home and contents.

Located at 120-W. Claude at Compton, Calif.

I give my home and its contents to my son Drury D. Dixon to do with as he pleases.

This is my gift to him and his family—his address is at present

1540 N W 8th St
Miami Fla.

this is later

P S. I would like for him to do something nice for Mrs. Ashmore who has been so good to me.

Mattie Clary.

Gods blessings."

On July 13, 1949, respondent Anrecht, a niece of testatrix, filed her petition alleging the decease of Mrs. Clary on July 2 and asked for letters of administration with will annexed. Attached to it was her nomination by respondent Drury D. Dixon and his request as sole heir for her appointment. But five days later respondent Dixon filed his petition "for letters of administration with-the-Will Annexed & or Testamentary." On July 20 appellant filed a petition for letters of administration with will annexed. Upon a hearing on all three petitions August 15, 1949, the court granted the petition of respondent Dixon and denied those of Miss Anrecht and the public administrator.

Notwithstanding the fact that her son was not specifically named by her as executor, the court granted his petition for

letters testamentary on the theory that it is authorized by section 402*, Probate Code. That section is: "When it appears by the terms of a will, that it was the intention of the testator to commit the execution thereof and the administration of his estate to any person as executor, such person, although not named executor, is entitled to letters testamentary in like manner as if he had been named executor."

Appellant contends that the court erred in making the appointment of respondent inasmuch as the will does not disclose by its terms that it was the intention of decedent to commit the execution thereof to him. ▮ Whether a writing purporting to be the last will of a decedent has with sufficient clarity designated a specific person to act as executor of his will must be determined by familiar rules for the interpretation of such documents. A holographic will must be perused for the purpose of determining the intention of the testator. In order to ascertain such intention, the document must be read in view of the circumstances under which it was written, the words must be given their ordinary grammatical sense and all parts of the writing must be considered in relation to one another. (*Estate of Peabody,* 154 Cal. 173, 175 [97 P. 184].)

▮ The appointment of an executor "according to tenor" is not regarded with favor. While the decision of any case must be based upon its own facts, unless the court can conclude from the words of the testator that the latter intended for his devisee to take charge of the estate, collect its assets, pay its debts and perform the usual functions of an executor, it is error to appoint such devisee. (*Estate of Berg,* 3 Coffey's Prob. Dec. 259.) The foregoing rule is firmly established by the decisions of California and other jurisdictions. However, in order to derive a satisfactory solution of the problem presented a review of the pertinent decisions has been made and the result follows. In the *Estate of Ringot,* 124 Cal. 45 [56 P. 781], the will wanted Mr. Taylor "to have full charge of my estate, to receive all moneys and pay all bills for seven years and to be paid a liberal sum each and every year." Such language conferred full power as executor upon Mr. Taylor and his appointment was affirmed. A similar nomination and affirmance occurred in the *Estate of Henderson,* 196 Cal. 623 [238 P. 938], where it was held that although testator's intention that "a certain person shall be named as executor

*Section 1371, Civil Code, prior to 1931.

to carry out the terms of his will is not expressed therein with directness but is reasonably deducible from the language thereof, it is the duty of the court . . . to respect that intention and so appoint such person . . ." In *Estate of Parker*, 202 Cal. 138 [259 P. 431], the testator directed one McFarland to put him "away decent not Expensive . . . Eny Bills I wished you would Pay them Thare is 500 in Bonds . . ." From such language the court concluded that it was the testator's intention for McFarland to be appointed. In reversing the order appointing the public administrator the court said, "It is sufficient if the will uses expressions pointing out the essential functions of an executor, functions which exist in consistent combination." In *Estate of Spencer*, 203 Cal. 424 [264 P. 765], the testatrix left a will bequeathing her property to her daughter, her son and her mother, concluding with the following words, "I desire my two friends Wallace W. Wemott and Robert R. Curry to act without bonds as custodians of property for both children and guardians for Lois Roberta Spencer." On appeal the order appointing Messrs. Wemott and Curry executors was affirmed. The court held that section 1371, Civil Code, was applicable in that it was the intention of the testator to have the two gentlemen qualify as executors.

In the *Estate of Berg*, 3 Coffey's Prob. Dec. 259, the testatrix in addressing her letter to Mrs. Lyng said, "if there is any money left me when I die I wish that you shall have it, also my watch and my clothes. I have no relatives here and this my wish must not be changed. If you should need somebody to assist you in this matter ask Mr. Bacon. Mr. Bacon will help you because Mr. and Mrs. Bacon were always good to me." Mrs. Lyng renounced the right to administer the estate and requested the appointment of Mr. Bacon. His petition was rejected and the public administrator was appointed by Judge Coffey. In his opinion upon such appointment observing that the rule of section 1371 of the Civil Code is a well settled principle of both code and common law the learned judge said, "it is equally well settled that courts do not look with favor upon the appointment of an executor according to tenor, but will rather appoint an administrator with the will annexed who will administer the estate under the guidance of the court and make distribution of the property of the decedent in conformity with the terms of the will . . . before a person who is not directly named as executor can receive an appointment according to the tenor not

only must the identity of the person be certain, but the court must be able to conclude from the language of the will itself, that there is a testamentary intent that the party named should take charge of the estate, collect the assets and liquidate the indebtedness, and perform the duties and possess the powers usual to executorship." Turning his attention to the language of Mrs. Berg's will, Judge Coffey observed, "there is nothing contained in the will from which the court can reason that it was the intention of the testatrix to appoint her friend Dr. Bacon; he is not requested by either direct words or by inference to take charge of the property of the deceased, to pay her debts, collect moneys due to her, distribute her property, pay her legacies or to do anything whatever regarding her estate; he is not requested directly or indirectly to do or perform any act which usually falls to the lot of an executor."

The language of Judge Coffey is supported by two decisions, to wit, *In re Hills Estate*, 102 Mo.App. 617 [77 S.W. 110]; and *State* v. *Watson*, 2 Speers (S.C.) 97. In Hills Estate the will provided: "I desire P. H. Brennan to direct anything that may be done about my St. Louis affairs in connection with this will." In *State* v. *Watson* the testator's wish was: "it is my desire that this should be carried into effect by my brother-in-law, Samuel Mayrant." In both cases the petitions of the parties named were denied. In the Watson case the South Carolina court said that to be an executor authority must arise from the will and unless there be a clear intent to constitute the person claiming to be so regarded the executor, he never ought to be so appointed according to the tenor.

The logic of the foregoing decisions is incontrovertible. In each case the intention of the testator is clearly manifested by unambiguous words directing a specified party to do and perform one or more of the essential functions of an executor. No such language is to be found in decedent's words. The utmost that can be said of them is that she conveyed a fee simple estate to her son, subject to administration.

■ Appellant contends that respondent Dixon is estopped from withdrawing his nomination of Eulyne Anrecht and from demanding his own appointment. Many decisions are cited in support of such contention. (*Estate of Lowe*, 178 Cal. 111 [172 P. 583]; *Estate of True*, 120 Cal. 352 [52 P. 815]; *Estate of Bedell*, 97 Cal. 339 [32 P. 323]; *Estate of Silvar*, 5 Cal. Unrep. 494 [46 P. 296]; *Estate of Kirtlan*, 16 Cal. 161.) In each of the controversies involved, the plea of estoppel was

made by the nominee of a designated executor who later came forth to reassert his abandoned right. By reason of the facts the plea of estoppel was justified. However, in *Estate of Lowe, supra,* the court said [p. 112], "The rule established by our decisions is that where it is sought to retract such a waiver, it is for the trial court, in the exercise of a sound discretion to determine whether greater weight should be given to the original surrender, or to the subsequent assertion of the right." There is no valid reason why under the circumstances of the case at bar the trial court should not justly and equitably have concluded that respondent's petition should be granted. He had evidently nominated his cousin as a convenience to himself and probably with an arrangement for her to serve without expense to the estate whose assets are limited and whose administration by appellant can serve no public good. When the issue arose as to whether respondent Dixon should be appointed rather than a stranger to the blood, the trial court named the son and in so deciding, it exercised a vested discretion. ■ However, it erred in granting letters testamentary to respondent inasmuch as the will contains no request for him to act in such capacity. Since appellant was led to intervene by reason of respondent's act in nominating Eulyne Anrecht the ends of justice will be more nearly served by requiring the estate to reimburse the public administrator to the extent of his actual outlay. The sum of $250 is a reasonable charge to be made against the estate to compensate appellant for expenditures incurred in the filing of his petition and in taking this appeal.

■ Appellant questions respondent's right to letters of administration by reason of a lack of finding that he is a resident of California. Prior to the death of testatrix, respondent Dixon had been a resident of Florida. Whether he had become a resident of California before he applied for letters became an issue at the hearing. Pursuant to the proof the court found that Mr. Dixon "has come into the State of California . . . within a reasonable time after the decease of Mattie Clary, and . . . has submitted himself to the jurisdiction of the court . . . has a home and a residence in the City of Long Beach, and will personally conduct the settlement of the estate." In view of such finding and conclusion respondent was as the son of deceased entitled to letters of administration with will annexed. (Prob. Code, § 422.)

It is therefore ordered that the judgment be modified as follows: Strike all parts thereof commencing with and follow-

ing the word "Wherefore" and substitute in lieu thereof the following:. . . .

By reason of the law and the foregoing findings, it is ordered, adjudged and decreed,

That the last will and testament of Mattie Clary, deceased, be and the same is admitted to probate; that the petitions of Eulyne Anrecht and Ben H. Brown, Public Administrator of Los Angeles County, be and the same are denied; that letters of administration with will annexed be issued to Drury D. Dixon upon his giving a good and sufficient surety bond in the sum of $2,000 conditioned as required by law; that Ben H. Brown, Public Administrator of Los Angeles County, is hereby awarded a lien against the assets of said estate in the sum of $250.

As thus modified the judgment is affirmed.

McComb, J., and Wilson, J., concurred.

A petition for a rehearing was denied August 8, 1950.