[Civ. No. 4490.   Fourth Dist.   Dec. 18, 1952.]

Estate of MABEL DERN, Deceased.   GEORGIA LEE FORD, Appellant, v. LOUIS C. CAWTHON, Respondent.

James C. Webb for Appellant.

Lyle M. Stevens for Respondent.

MUSSELL, J.—Mabel Dern died testate in Orange County on March 20, 1952.  Her holographic will, admitted to probate herein, is in words and figures as follows:

"I, MABEL DERN, being of sound mind and memory of 14184 Graham St. of Barber City, Westminster, Calif thereby revoking any and all wills made by me before this

"First all my just debts be paid then I want Georgia to have my home and all furnishing in the house then I want Georgia to care for my funeral.

"June 16, 1951                         Mabel Dern"

Georgia Lee Ford, granddaughter of decedent, filed a petition for probate of said will and for the issuance of letters testamentary to her. This petition was noticed for hearing on April 18, 1952. On April 7th Louis C. Cawthon, a son of decedent, filed a petition for probate of the same will and for letters of administration with will annexed. Both petitions for probate were heard on April 18, 1952.

The trial court found in its order admitting the will to probate that the allegations of the petition filed by Louis C. Cawthon were true and appointed him as administrator with the will annexed.

Georgia Lee Ford appeals from the order claiming that the court erred in failing to appoint her as executrix, in denying her petition for probate of will and in failing to make written findings of fact and conclusions of law.

Appellant argues that she was designated in the will to act as executrix and that it was the duty of the court to appoint her as such. ■ Undoubtedly, an executor nominated by will has the right to act unless there is some express provision of law disqualifying him. (*Estate of Wellings,* 192 Cal. 506, 510 [221 P. 628].) ■ However, in the instant case the will named no person to act as executor or executrix and the trial court so found. The wish of the decedent expressed in the words "I want Georgia to care for my funeral" does not constitute the appointment of appellant as executrix. She is not directed by the will to pay the debts or expenses of administration or to serve as executrix. ■ The words "care for," as used in the will, are synonymous with expressions "to attend to" and "to provide for" and do not impose duty on the appellant to pay funeral expenses. There is no direction in the will that appellant take charge of decedent's estate and pay expenses as was the case of *Estate of Henderson,* 196 Cal. 623 [238 P. 938] and *Estate of Parker,* 202 Cal. 138 [259 P. 431], relied upon by appellant to support her contention that "in regard to the naming of an executor, the testator's desires will be respected, even though they are not expressed with directness, but are reasonably deducible from the language of the will."

In *Estate of Clary,* 98 Cal.App.2d 524, 526 [220 P.2d 754], it is said:

"Whether a writing purporting to be the last will of a decedent has with sufficient clarity designated a specific person to act as executor of his will must be determined by

familiar rules for the interpretation of such documents. A holographic will must be perused for the purpose of determining the intention of the testator. In order to ascertain such intention, the document must be read in view of the circumstances under which it was written, the words must be given their ordinary grammatical sense and all parts of the writing must be considered in relation to one another. (*Estate of Peabody*, 154 Cal. 173, 175 [97 P. 184].)

"The appointment of an executor 'according to tenor' is not regarded with favor. While the decision of any case must be based upon its own facts, unless the court can conclude from the words of the testator that the latter intended for his devisee to take charge of the estate, collect its assets, pay its debts and perform the usual functions of an executor, it is error to appoint such devisee. (*Estate of Berg*, 3 Coffey's Prob. Dec. 259.)"

The contention that the trial court failed to make written findings of fact and conclusions of law is without merit. Findings of fact may be included in the order or decree and are not required to be in a separate document. (*Estate of Rosland*, 76 Cal.App.2d 709, 711 [173 P.2d 830].) The trial court, in its order, found on the issues presented.

The order is affirmed.

Barnard, P. J., and Griffin, J., concurred.