[Civ. No. 18945. First Dist., Div. Two. May 23, 1960.]

Estate of ZIBA L. HENRY, Deceased. HARRY N. GROVER et al., Appellants, v. ELEANOR VAN LEEUWEN, Respondent.

*Assigned by Chairman of Judicial Council.

Kenneth L. Johnson for Appellants.

Herbert J. Williamson for Respondent.

KAUFMAN, P. J.—This is an appeal from an order appointing the decedent's daughter, Eleanor Van Leeuwen, the respondent herein, as administratrix with the will annexed of

the estate of Ziba L. Henry, and denying the petition of Harry N. Grover and Thomas F. Casey (two of the appellants herein), who were the nominees of the decedent's widow, Mathilda M. Henry.

The facts are not in dispute. Ziba L. Henry executed a last will and testament on April 11, 1955. He died on October 16, 1955. The will was admitted to probate on November 28, 1955, and Frank B. Henry (a son of the deceased), who was nominated therein, duly qualified as executor and proceeded to carry out his task. The will named the widow as the recipient of the household effects. The remainder of the estate was bequeathed in five parcels to the widow and the four children of the testator. [The record on appeal has been augmented to include a copy of the will.]

On June 13, 1956, the widow filed her complaint for cancellation of waiver and establishment of a constructive trust, naming as defendants Frank B. Henry, as executor, and all the sons, daughter and grandchildren of the decedent to set aside an agreement[1] entered into between her and deceased, by which the property of the parties was to be shared by the widow, the sons, the daughter and the grandchildren. The trial of this matter was begun in October, 1958, and is now on a separate appeal before this court (*Henry* v. *Henry*, No. 18975).[2]

Frank B. Henry died February 28, 1959, before the administration of the estate of Ziba L. Henry had been completed. On March 11, 1959, the respondent filed her petition for letters of administration c.t.a. On March 18, 1959, the widow filed her petition nominating Harry N. Grover and Thomas F. Casey as joint administrators c.t.a. Both petitions were heard on May 7, 1959, and the court entered its order in favor of the respondent on its finding of facts as follows: (1) that the widow's suit against the other devisees was still pending;[3]

(2) ". . . that the position of Mathilda M. Henry, the

---

[1] In the agreement, apparently executed after the will, the wife waived all of her community property rights in return for several annuities, but did not waive her right to administer her husband's estate under section 422 of the Probate Code. (See *Henry* v. *Henry*, No. 18975.) The agreement stated that it was made to provide the wife with financial security after the death of her husband, and indicated that the will would provide additional benefits for the wife.

[2] Last month, this court denied a motion to consolidate the two appeals.

[3] The record indicates that although a judgment had been rendered in favor of the widow on February 11, 1959, at the time of the hearing in the probate court on the instant case, the motion for a new trial was pending.

widow, in the suit brought by her against the Executor is diametrically opposed to the position of the Executor and/or the Administrator with the Will annexed to be designated herein; that the nominee or nominees of MATHILDA M. HENRY, being nothing more or less than the alter ego of said MATHILDA M. HENRY if so nominated, would make said MATHILDA M. HENRY both plaintiff and defendant in said action and would put her in a position in direct conflict to the position of the administrator of the estate; that ELEANOR VAN LEEUWEN, daughter of said decedent and a beneficiary under the Will who shares in said estate of said decedent, has the necessary qualifications to be said Administratrix, is competent and willing to act as such Administratrix with the Will annexed; and is in exactly the same status and position as her brother FRANK B. HENRY, executor was, as to the contract that MATHILDA M. HENRY, the widow, seeks to set aside and annul; that it is for the best interest of the estate and all persons interested therein that said ELEANOR VAN LEEUWEN be so appointed.''

The questions presented by this appeal are: (1) whether the right of appellants, Grover and Casey, as the nominees of the widow, to be appointed became fixed during the lifetime of the widow or evaporated on her death; (2) whether the appellants, Grover and Casey, as nominees of the widow were originally entitled to appointment as a matter of exclusive right pursuant to sections 409 and 422 of the Probate Code; (3) whether the widow's action against the decedent's other devisees and legatees disqualified her nominees from serving.

As to the first question, the record shows that this appeal was filed on May 26, 1959. On September 27, 1959, Mathilda M. Henry died and Nan Helen Coons and Thelma Bell, co-executrices of her will, were herein substituted as appellants in place of the deceased widow. (See order of January 11, 1960.) ■■■ The general rule is that an appeal reviews the correctness of a judgment or order as of the time of its rendition. (*Solomon* v. *Solomon,* 118 Cal.App.2d 149 [257 P. 2d 760]; *Bradley* v. *Bradley,* 40 Cal.App. 638 [181 P. 237]; *People's Home Sav. Bank* v. *Sadler,* 1 Cal.App. 189 [81 P. 1029].) ■■■ This case, however, falls within the well recognized exception of the death of a party abating a nonsurvivable cause of action. (1 Witkin, California Procedure (1954) 689; 3 Witkin, California Procedure (1954) 2231.) However, the nominees argue as to the first question that their nomination was not affected by the death of the widow pending this appeal.

While it has been held that "the right of such nominee to receive the appointment . . . must be determined by the state of facts existing at the time such an appointment is to be made. . . ." (*Estate of Connick*, 189 Cal. 498, 501, 502 [209 P. 356]), in that case in granting letters to the public administrator as against the nominee of the sole heir, the court said at 500 and 501:

"The privilege of seeking appointment as administrator of the estate of a deceased person, which is predicated upon the written request of the surviving husband or wife of the decedent or of such other person as is entitled to administer, is entirely of statutory origin and arises by virtue of sections 1365 and 1379 of the Code of Civil Procedure. The first of these sections confers upon the surviving husband or wife the right of requesting the appointment of some competent person, and it has been held that this right inheres in the surviving husband or wife, even though they are not themselves competent to receive the appointment (*Estate of Cotter*, 54 Cal. 215; *Estate of Stevenson*, 72 Cal. 164 [13 P. 404]; *Estate of Dorris*, 93 Cal. 611 [29 P. 244]; *Estate of Myers*, 9 Cal.App. 694 [100 P. 712]). These cases do not, however, hold, as is insisted by the appellant, that the nominee of a surviving husband or wife has the absolute right to be appointed by virtue thereof, but on the contrary it has been held that the nomination of a surviving husband or wife can be retracted or revoked by the nominor at any time before the hearing upon the application based thereon (*Estate of Shiels*, 120 Cal. 347 [52 P. 808]; *Estate of Lowe*, 178 Cal. 111 [172 P. 583].) . . ."

A right to apply for letters of administration cannot be of greater dignity than a right to administer after the letters are granted. The appellants, Grover and Casey, received from the widow a mere power to apply for letters of administration on her behalf. It is admitted that their power is not coupled with an interest. Thus, like other powers not coupled with an interest in the thing granted, they ceased and determined with the life of the grantor. The power granted by the widow died with her. (*Cf. Estate of Barrett*, 6 Cof. 398, 402, wherein on the same reasoning the court denied letters to the nominee of the daughter of the deceased.) (Bancroft's Prob. Practice, 2d ed., § 256.) The right of the nomination is derived from the statute. The argument made here by the nominees that because their nomination was not revoked by the widow during her lifetime, or for the reasons set forth in sections 401, 420 and 422, their right is not automatically

revoked by the operation of law on the death of the nominor, seems untenable.

The nominees argue that the priority given by section 422 of the Probate Code to a *surviving spouse* and her nominees applies even after the death of such spouse. They argue that section 422 of the Probate Code in effect gives the surviving spouse an assignable interest which may be asserted by strangers like themselves against the heirs of the deceased. We cannot agree. Such a result would violate intent of the statute and destroy its purpose. The highly preferential position accorded to the surviving spouse is only for her benefit; persons outside the family cannot assert it by assignment.

The purpose of section 422 of the Probate Code is to assure that the right to administration of the estate follows the property in the estate. Administration is placed in the hands of a person most likely to convert the property to the best advantage, and that person is he, who, because of his interest as a distributee, is entitled in whole or in part, to the residue after the claims of the creditors have been satisfied. (*Estate of Jacobs,* 100 Cal.App.2d 452, 454 [223 P.2d 898].)

Although the precise question raised by this case is one of first instance, it has been held that the right to family allowance and similar rights abate on the death of the widow. (See *Estate of Blair,* 42 Cal.2d 728 [269 P.2d 612], and cases cited therein at 731-733.) Similarly, we think that the right of a nominee of a surviving spouse under section 422 of the Probate Code is not a vested right and nothing accrues before the order granting it.

Since the nominees' right had not ripened by their appointment, and thus does not survive, the appeal has become moot.

Appeal dismissed.

Draper, J., and Stone, J. pro tem.,* concurred.

Appellants' petition for a hearing by the Supreme Court was denied July 20, 1960.

---

*Assigned by Chairman of Judicial Council.