[Civ. No. 15337. First Dist., Div. Two. May 27, 1953.]

HO GATE WAH, Respondent, v. FONG WAN, Appellant.

William E. Ferriter and William Petros for Appellant.

Bruce Walkup and Dan L. Garrett, Jr., for Respondent.

GOODELL, J.—This is an appeal from a decree in a proceeding for declaratory relief.

On February 22, 1949, a written contract was entered into between appellant Fong Wan as the party of the first part and six Chinese actors, all of whom are described therein as citizens and residents of China (one of whom is respondent Ho Gate Wah), as the parties of the second part.

The contract recites that Fong Wan owns and operates several night clubs; that the six actors perform acrobatic acts; that Fong Wan desires to engage them to perform in his night clubs in San Francisco and Oakland "and for other persons in the United States."

Fong Wan then engages them to come to San Francisco and Oakland "and to other places in the United States" to so perform and agrees to pay them the prevailing union rate of salaries, i. e., when performing as a group $55 each per week, and when performing singly $75. The six accept the employment.

They agree that while in the United States they "will not perform for anybody else except the party of the first part."

Fong Wan agrees to pay for their transportation from China to San Francisco and upon the expiration of the contract to

pay them for their return transportation to China. He agrees also to post any necessary bond with the immigration authorities for the issuance of visas for their admittance to the United States.

The contract provides that the term thereof shall be one year immediately after the arrival of the troupe, which arrival admittedly was on February 22, 1949. The court found that the contract was executed on February 23, 1949; that the period of employment expired by reason of its own provisions on February 22, 1950, and the judgment so decreed.

This action was commenced almost a year after the end of the term of employment; it was tried 19 months after the end of the term, and judgment was entered 21 months after the terminal date. It thus appears that this was not a case where the parties sought a declaratory judgment "before a breach or violation occurs." (See *Kessloff* v. *Pearson,* 37 Cal.2d 609, 613 [233 P.2d 899].)

Section 1060, Code of Civil Procedure, provides that the plaintiff "may ask for a declaration of rights or duties, either alone or with other relief; and the court may make a binding declaration of such rights or duties, whether or not further relief is or could be demanded at the time." Section 1062 provides that "The remedies provided by this chapter are cumulative, and shall not be construed as restricting any remedy, provisional or otherwise, provided by law for the benefit of any party to such action, and no judgment under this chapter shall preclude any party from obtaining additional relief based upon the same facts."

In this case the plaintiff did not seek any award of damages, nor did the defendant.

Moreover, while the plaintiff set out in her complaint the questions in controversy, the defendant denied "that an actual controversy has arisen and presently exists between plaintiff and the defendant herein with respect to the legal rights and duties of plaintiff and defendant under the contract set forth in the plaintiff's complaint on file herein."

The court found that plaintiff entered the United States on February 22, 1949; that the contract was entered into the next day; that plaintiff left defendant's employ prior to February 22, 1950. It found also:

"That an actual controversy has arisen and presently exists between the plaintiff and defendant concerning the interpretation and effect of said contract . . . and the respective legal rights, duties and obligations of the parties under said contract

in that plaintiff contends that the said contract . . . was terminated on November 25, 1949, by reason of her leaving the employment of defendant for a good and sufficient cause and that alternately if said contract . . . was not then terminated, plaintiff's term of employment thereunder expired by the express terms of the contract on February 22, 1950, and that any limitation in said contract on plaintiff's right to seek employment with persons other than defendant after February 22, 1950, is void; and defendant contends that plaintiff did not terminate said contract . . . by leaving the employment of defendant and that said contract . . . is still in full force and effect and plaintiff is prevented by the terms of the said contract from seeking employment with any person other than defendant.''

The court concluded: ''1. That the said contract . . . was not terminated at any time prior to February 22, 1950. 2. That plaintiff did not have a good and sufficient cause for the termination of plaintiff's employment prior to February 22, 1950. 3. That plaintiff's term of employment under the said contract . . . expired by reason of the express terms of said contract . . . on February 22, 1950. 4. That any purported limitation in said contract . . . on plaintiff's employment with persons other than defendant subsequent to February 22, 1950, is void and of no force or effect whatsoever.''

The judgment decreed: ''1. That the contract of employment . . . was not terminated prior to February 22, 1950. 2. That the term of plaintiff's employment under said contract . . . terminated by the express terms of said contract on February 22, 1950. 3. That any limitation or restriction contained in said contract . . . on plaintiff's right of employment with persons other than defendant from and after February 22, 1950, is void and of no effect and that from and after February 22, 1950, plaintiff has at all times been free to obtain employment with persons other than defendant.'' It awarded costs to plaintiff.

The principal, if not the only, questions in controversy in this case were (1st) whether the contract had been terminated by plaintiff for cause before the end of its one-year term, and (2d), whether appellant had the exclusive right to respondent's services after that year expired. The first question was definitely settled against respondent's contention. The second was just as definitely settled against appellant's contention, since the finding of a termination on February 22, 1950, meant, of course, that appellant had no right to re-

spondent's services thereafter. In addition to that the court expressly found that any provisions in the contract limiting plaintiff's right to find employment after February 22, 1950, with persons other than defendant were void.

Appellant's first contention is that the decision is against law because of the failure to find on material issues presented by the pleadings.

Plaintiff alleged that on November 25, 1949, for good and sufficient cause *she* terminated the contract by leaving defendant's employ and that such cause was that during the entire period from her entry into the United States to and including November 25, 1949, defendant "as a condition of plaintiff's employment, attempted to force plaintiff to enter into an immoral relationship with him, and on or about . . . November 25, 1949 . . . threatened to kill plaintiff and subjected her to physical abuse." In response to these charges defendant alleged that in September, 1949, she left his employ without any notice or any reason therefor; defendant denied the alleged misconduct generally and specifically.

The findings, conclusions, and judgment were in defendant's favor on all these issues insofar as they held that there was no termination until February 22, 1950.

Appellant complains that the court should have found on each of these allegations of misconduct. Obviously the allegations of misconduct were made in support of plaintiff's claim that she was justified in terminating the contract in November, which was almost three months before the end of its one-year term. The finding that she had not done so was a finding of ultimate fact. The allegations of misconduct were allegations of evidentiary and probative facts on which express findings are not required. (*Bloss* v. *Rahilly,* 16 Cal.2d 70, 76 [104 P.2d 1049], citing 24 Cal.Jur., p. 968.) Moreover, respondent concedes that she cannot again litigate the question of "whether or not she had the right to discontinue performance of her contract prior to the expiration of its one-year term. Hence, the appellant cannot possibly be 'twice vexed with the same cause.'"

 Appellant next complains that there should have been a finding on his allegation that "the defendant herein has spent a large sum of money for plaintiff's medical expense in China immediately prior to her departure for the United States, has paid for plaintiff's transportation to the United States and has spent a large sum of money for plaintiff in

featuring and advertising her as a performer in newspapers and posters in Oakland and San Francisco, California.''

Plaintiff's medical expenses in China are not mentioned in the contract. The contract does mention transportation, but it binds defendant to pay for the round trip. The contract is silent with respect to expenses for featuring and advertising, and there is nothing to show or even suggest that such charges were not naturally defendant's own obligation as the producer of the entertainment. The real answer to this point is that neither by answer nor cross-complaint did defendant claim or pray for a money judgment.

Appellant's next complaint is that the court failed to find on his allegation ''that on or about the month of September, 1949 the plaintiff herein left the defendant's employment without any notice to the. defendant herein or any reason therefor whatever;'' There was no reason for any finding thereon (1st) because no damages were pleaded or claimed therefor, nor was any breach of contract alleged, based thereon; (2d) because the court's finding (heretofore discussed) impliedly determined that plaintiff's leaving did not terminate the contract; (3d), and perhaps most important, because defendant in his answer asserted ''that plaintiff's contract with this defendant is now, and has, ever since the 22d day of February, 1949, been in force and effect.'' It is difficult to see how appellant could be harmed by the absence of the finding as claimed when at the time of answering, on April 20, 1951, he was asserting that the contract was still in force.

We. find no merit in any of appellant's contentions based on the failure to find on the matters just discussed.

Appellant's claim that conclusions of law numbered 1 and 2 are in reality findings of fact, is likewise without merit since it has long been settled that the requirement that findings of fact and conclusions of law should be separately stated is merely directory (24 Cal.Jur., pp. 960-962, § 199).

It appears from the record that there is another action pending wherein respondent is suing appellant for damages. It is because of this other litigation that the points heretofore discussed have been pressed in the present case. Appellant's counsel so indicate, and in support of their position they invoke several familiar rules of equity: (1) That the court should have determined the entire controversy between the parties and left nothing for future litigation; (2) that he who seeks equity must do equity, and (3) that the court

should either have settled the entire controversy between the parties or should have withheld all equitable relief and remitted plaintiff to her remedy at law.

We have already pointed out that the plaintiff in this proceeding sought a declaration of rights and duties "alone" and not "with other relief" (Code Civ. Proc., § 1060) ; she did not elect to join herein any claim she might have for damages as section 1060 permitted her to do. The answer herein was filed on April 20, 1951, but defendant did not seek by cross-complaint or otherwise to enlarge the issues which plaintiff tendered, but merely joined issue as tendered, apparently in recognition of the provisions of section 1062, already quoted.

It is true that "An action . . . for declaratory relief is an equitable proceeding" (*Adams* v. *Cook,* 15 Cal.2d 352, 362 [101 P.2d 484], citing *Rolapp* v. *Federal etc. Assn.,* 11 Cal.App.2d 337, 342 [53 P.2d 974] ) but appellant's contention that the controversies between these parties should not be tried piecemeal is answered by the case of *Giese* v. *City of Los Angeles,* 77 Cal.App.2d 431, 436 [175 P.2d 562], where the court said :

"We fail to perceive wherein the well-known precept that equity abhors litigation by piecemeal and will prevent a multiplicity of suits by, whenever possible, settling and determining all differences between the parties and leaving nothing further to be litigated between them upon the same subject matter, can be succsesfully invoked in the instant proceeding. . . . The question posed on this appeal is whether, under his present position, respondent is currently entitled to be classified as a person entitled to a fireman's pension when he elects to go on the retired list. Respondent was, therefore, merely seeking a judicial declaration of his present existing rights under the . . . Pension System and was not petitioning the court to order him retired with such a pension." The court then quotes sections 1060 and 1062, *supra,* and holds that the trial court's ruling was supported by the latter section.

The Giese case was cited in respondent's brief, but appellant. did not see fit to answer it by filing a reply brief. We find no merit in this contention.

What has just been said respecting appellant's failure to file a closing brief applies as well to all the other points heretofore discussed. Respondent's brief answered appellant's opening brief with arguments and authorities, but with no closing brief on file her points remain unanswered by appellant.

■ Appellant's final point is that the court erred in excluding material evidence offered by him.

The contract contains the provision that the defendant "will also post any necessary bond with the . . . Immigration authorities for issuance of visas . . . for their admittance to the United States."

Defendant testified that he furnished a bond for the plaintiff and the other members of the troupe in the sum of $1,000 for each of them, paying a premium of $100 on each bond. He was then asked: "Q. Doctor, has the bond you put up for Lana Wong been forfeited . . . ? A. Yes, sir." The trial judge sustained an objection and struck out the answer. Appellant argues that "If the defendant had been required to pay the amount of this bond to the United States, it was the clear duty of the plaintiff to reimburse him in that amount and the court should have conditioned any equitable relief to which plaintiff might have been entitled upon her payment of that sum."

As repeatedly pointed out, defendant did not seek any money judgment but went to trial under the issues tendered by plaintiff and on her statement of the rights and duties to be determined.

■ Appellant also claims that the court erred in excluding the evidence of other actions pending between the parties. If, technically, such evidence should have been admitted, it could not have been prejudicial error to reject it since the issues in this action were necessarily narrowed as we have repeatedly pointed out.

The judgment is affirmed.

Nourse, P. J., and Dooling, J., concurred.