[Civ. No. 175. Fifth Dist. Apr. 3, 1963.]

JEANNETTE POMATTO, Plaintiff and Respondent, v. ARCHIE SARTEN, Defendant and Appellant.

Deadrich & Bates and Kenneth H. Bates for Defendant and Appellant.

Vizzard, Baker, Sullivan & McFarland and James Vizzard for Plaintiff and Respondent.

BROWN (R.M.), J.—This is an appeal from a judgment setting aside a default judgment which had been entered against respondent by the appellant. Appellant and Mr. Pomatto had previously signed certain documents concerning the proposed purchase by appellant of a motel owned by Mr. Pomatto. Mrs. Pomatto, the wife and coowner of the motel, did not sign any of the documents. In the escrow agreement the appellant had deposited $10,000 with John Brown, agent for Mr. Pomatto, and after certain negotiations, immaterial here, the sale did not go through. Mr. Brown, by consent of Mr. Pomatto, took the $10,000 deposited in escrow, gave $750 to Mr. Pomatto, retained the rest, and on May 8, 1957, executed an agreement in which he agreed to defend any suit for legal redress to the extent of the commission which might be brought by the appellant against Brown or Mr. Pomatto for the return of this money.

The appellant filed an action for money had and received to recover this $10,000 and the complaint and summons issued May 29, 1957, were served on Mr. Pomatto on June 24, 1957, and it was claimed that service was also made on Mrs. Pomatto, a named defendant, on the same date. Upon verified proof of service of summons on the respondent herein, her default was taken on July 26, 1957. A judgment on this default against respondent in the sum of $10,000 was entered on March 24, 1958. Shortly thereafter, in May 1958, she learned from a realtor of the filing of the abstract of judgment and moved to set aside her default under section 473 of the Code of Civil Procedure because of inadvertence, surprise

and excusable neglect and that the court did not have jurisdiction to enter judgment because she had not been served with summons. This motion was denied and she thereupon commenced an action for equitable relief, claiming that she had not been served with summons, that her default had been entered through extrinsic fraud and mistake and that the Sarten action falsely stated that she had received the $10,000 in question. The equitable relief action was consolidated with the action brought by Mr. Sarten against Brown and Mr. Pomatto. Judgment was entered in her favor and appellant appealed therefrom, while Pomatto appealed from the judgment against him in favor of Sarten.

In the first appeal appellant claimed that he was led to believe that the issue respecting the failure of service of summons was not to be considered and this equitable phase of the case came up in *Sarten* v. *Pomatto,* 192 Cal.App.2d 288 [13 Cal.Rptr. 588], which affirmed the Sarten judgment against Mr. Pomatto, but the judgment in favor of Mrs. Pomatto was reversed on the ground that appellant had not had an opportunity to litigate the issue of service in a manner commensurate with its proper consideration in an action in equity, the details of the transaction being fully discussed in *Sarten* v. *Pomatto, supra.*

At the second trial of the equitable relief action the default judgment was set aside and appellant brought this appeal. The briefs do not now argue that service was not made on Mrs. Pomatto but the evidence shows that when the deputy sheriff brought the papers to the Pomatto house and delivered them, the summons and complaint were mailed by the respondent's daughter, Mrs. Bisetti, by registered mail, to John Brown in Los Angeles, without having read the same. There was no letter of transmittal and apparently no instructions sent to Mr. Brown, but Mrs. Bisetti called him on the phone at the time she mailed the summons to him. Mrs. Pomatto, who is elderly and frail, allowed her husband and daughter to make all business contacts.

Brown, by deposition, testified that he received a copy of the complaint and turned it over to his attorney with instructions to answer it, but to all questions regarding details of the complaint he answered, ''I do not recall.'' Mr. Brown's original attorneys referred the complaint to Attorney Catalano with authorization of Brown, but Brown did not know what the attorneys did with the complaint.

Catalano's affidavit shows that he received a telephone call

from Attorney Lyle requesting Catalano to represent Mr. Pomatto in the action instituted by Sarten against Pomatto and Brown; and that an answer and cross-complaint was filed on behalf of Mr. Pomatto alone and was verified by Mr. Catalano as he was unable to contact Mr. Pomatto, having received a stipulation extending time from Attorney McGugin, the original attorney for appellant.

The respondent herein did not communicate at any time with Mr. Brown or anyone else to see what disposition had been made of the papers and did not consult any attorney until some two months later upon learning of the recorded abstract of judgment.

The respondent, in her first cause of action, set forth the details regarding the escrow instructions and the allegations by appellant that respondent had received $10,000, and in paragraph III set forth that she had filed a motion for the purpose of setting aside the default judgment in that it was the contention and allegation of said respondent in said motion that she had never been served with summons and that said motion had been denied because the time had expired under Code of Civil Procedure section 473; and further alleged that at the hearing on said motion there was conflicting testimony as to whether or not she had been served with said summons and complaint; and in paragraph IV alleged that she had sufficient defenses against said action, that she had not entered into any agreement to sell any property to appellant, and prayed for a decree vacating and setting aside the judgment.

In her second amended complaint filed December 21, 1959, after the pretrial order of August 5, 1959, to which no answer was filed, she added a second cause of action wherein she restated by reference the above allegations and in paragraph III stated, "that on being served with summons in said action" her husband sent said summons and complaint to Brown who then delivered them to attorneys in Los Angeles who delivered the papers to Mr. Catalano, an attorney in Bakersfield, with instructions to file an appearance for Mr. Pomatto and that by reason of inadvertence, Brown did not ascertain whether respondent had been served with summons in said action and that Catalano failed to ascertain that none of the Los Angeles attorneys were acting directly for respondent and that said inadvertence consisted of their failure to accept employment for her and that by reason of extrinsic mistake, an appearance was never made by respondent and a default was entered.

After trial, the court in its findings of fact and conclusions of law, found there was no extrinsic fraud in the first cause of action though all of the allegations in paragraphs I, II, III and IV were true (actually making no definite finding as to whether or not the respondent was served, other than to find that she had contended in her motion that she had not been served), and in general, found otherwise that she had never signed any of the papers involved in escrow, that she did not know default judgment had been entered against her, that the motion to set aside the judgment was denied, that she had exhausted all her remedies, that the action was proper, that she had a sufficient defense to the matter and that there were no transactions between her and appellant.

As to the second cause of action, the court found again that these same allegations were true even though the second cause of action had contained the allegations I, II, III and IV in the first cause of action by reference, except where inconsistent. However, as far as paragraph III of the second cause of action is concerned, there was no finding made whatsoever, though in the conclusions of law the court stated that there was no extrinsic fraud committed by appellant ''but that by reason of extrinsic and excusable mistake, the said Jeannette Pomatto was deprived of an opportunity to try said action of *Sarten* v. *Pomatto* upon its merits and therefore is entitled to judgment and decree. . . .'' This was at most a conclusionary statement or at best, an ultimate finding, without a finding on the important facts of the mistake.

To appellant's claim that there is a serious defect in the findings as to the issues on which no findings were made, respondent agrees, but refers to article VI, section 4¾ of the Constitution of the State of California and Code of Civil Procedure section 956a, which would permit the District Court of Appeal to make findings within the rules prescribed by the Judicial Council (Cal. Rules of Court, rule 23(a)).* However, no effort was made by respondent to comply with this rule other than to state that this court could have authority to make such findings. No proposed findings were served and filed.

It is also respondent's position that the conclusion of law above quoted is a finding of fact which is permissible. It is true, as stated in the *Estate of Dern,* 114 Cal.App.2d 799, 801 [251 P.2d 28], that findings ''may be included in

---

*Formerly Rules on Appeal, rule 23(a).

the order or decree and are not required to be in a separate document." Respondent further contends that the determinations of the trial court, whether called findings of fact or conclusions of law, are available to plaintiff (*Hollenbeck Lodge* v. *Wilshire Boulevard Temple*, 175 Cal.App.2d 469, 472 [346 P.2d 442]); that the findings do not have to be stated separately (*Ho Gate Wah* v. *Fong Wan*, 118 Cal.App.2d 159, 164 [257 P.2d 674]; *Devers* v. *Greenwood*, 139 Cal.App.2d 345, 350 [293 P.2d 834]).

▇ This is an equitable matter and findings are required on all essential ultimate facts (*Fairchild* v. *Raines*, 24 Cal.2d 818 [151 P.2d 260]), and as further stated in *Fairchild*, at page 830: "Such finding, in the light of the more specific allegations of the defense, and of the evidence tending to support those allegations, is not adequate and, hence, does not establish that plaintiffs are entitled to the injunctive relief granted.

"Where a trial court makes findings upon all essential ultimate facts it is not error to fail to find upon evidential matters [citations] but this rule is not applicable in an equity suit where probative facts, which are material to the exercise of sound judicial discretion in the premises, and which may be sufficient to constitute a defense against the relief sought, are pleaded and are supported by competent evidence. Since, under such circumstances, the probative facts as pleaded in themselves constitute material issues, the rule stated in *James* v. *Haley* (1931) 212 Cal. 142, 147 [297 P. 920], is controlling: 'Ever since the adoption of the codes, it has been the rule that findings are required on all material issues raised by the pleadings and evidence, unless they are waived, and if the court renders judgment without making findings on all material issues, the case must be reversed.' "

To the same effect are *Krum* v. *Malloy*, 22 Cal.2d 132, 136 [137 P.2d 18], and *Shenson* v. *Shenson*, 124 Cal.App.2d 747, 754 [269 P.2d 170, 270 P.2d 896]. And in *Lesem* v. *Board of Retirement*, 183 Cal.App.2d 289, 302-303 [6 Cal. Rptr. 608], the court said: "While there is authority for appellate courts to make findings of fact under proper circumstances (Code Civ. Proc., § 956a), ordinarily this is a function of the trial court and will not be invoked by an appellate court except to affirm the judgment or to reverse with directions. [Citation.] The trial court, having heard the testimony and observed the witnesses, is in a better position to make findings on issues of fact."

█ While in *Johndrow* v. *Thomas*, 31 Cal.2d 202, 207 [187 P.2d 681], the court stated that, ''Findings of fact must be liberally construed to support the judgment'' and that this court may cure pure clerical error when not making a finding on conflicting evidence, we find that in *Treu* v. *Kirkwood*, 42 Cal.2d 602 [268 P.2d 482], at pages 612-613, the court states that while the appellate court is empowered to make findings of fact and take evidence, it will not do so when the evidence is conflicting, but where the evidence is not clearly persuasive and there is no indication as to the trial court's appraisal of the evidence, the judgment should be reversed for a new trial in order that there may be a finding on the issue as to what the extrinsic mistakes of the respondent were.

█ Here, we believe the evidence is not sufficiently persuasive for us to assume the burden of making our own findings, and the judgment is therefore reversed and the cause remanded for a new trial.

Conley, P. J., and Stone, J., concurred.