Filed 8/6/14  Ochoa v. NDeX West CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| RUBEN OCHOA, | B246702 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. BC485731) |
| v. | |
| NDEX WEST LLC. et al., | |
| Defendants and Respondents. | |

APPEAL from a judgment of the Superior Court of Los Angeles County.  Ralph W. Dau, Judge.  Affirmed.

Ruben Ochoa, in pro. per., for Plaintiff and Appellant.

Barrett Daffin Frappier Treder & Weiss, LLP and Edward A. Treder; Fulbright & Jaworski, LLP and John Gray for Defendant and Respondent, NDeX West LLC.

Severson & Werson, Kerry W. Franich, Jan T. Chilton, Suzanne M. Hankins and Mary E. Holt for Defendants and Respondents U.S. Bank National Association, Mortgage Electronic Registration Systems, Inc., CSMC Mortgage and Wells Fargo Bank, N.A., dba America's Servicing Company.

Steven D. Silverstein for Defendants and Respondents Orange Coast LA LLC, as Trustee and Rex Court Trust.

* * * * * *

1

Appellant, Ruben Ochoa, in pro. per, appeals from a judgment dismissing his first amended complaint, which contains claims for declaratory relief to void a contract and a deed of trust and for slander of title in connection with a nonjudicial foreclosure. Appellant sued respondents, NDeX West, LLC, U.S. Bank, N.A. as trustee for Credit Suisse First Boston Mortgage Securities Corp., CSMC Mortgage-Backed Pass-Through Certificates, Series 2006-8 (U.S. Bank), Mortgage Electronic Registration Systems Inc. (MERS) and Wells Fargo Bank, N.A., doing business as America's Servicing Company (Wells Fargo Bank).

The trial court dismissed the action after sustaining without leave to amend three separate demurrers to the complaint.[1] We affirm the judgment.

**FACTUAL AND PROCEDUAL BACKGROUND**

**The Complaint**

When an appeal arises in connection with a demurrer, "we look to the 'properly pleaded factual allegations' of the operative complaint 'read in light of' any 'judicially noticeable facts' and 'factual concessions' of the plaintiff." (*Hernandez v. City of Pomona* (2009) 46 Cal.4th 501, 506, fn. 1.) However, the first amended complaint in this case contains very few facts but appears to be predicated on the theory respondents wrongfully foreclosed on real property after appellant defaulted on a promissory note secured by a deed of trust. Below is a summary of facts taken from the complaint and its attachments as well as judicially noticed documents filed in connection with the demurrers. (*Ibid*; *Evans v. City of Berkeley* (2006) 38 Cal.4th 1, 21.)

On May 1, 2006, appellant obtained a $260,000 refinance loan from BrooksAmerica Mortgage. The loan was secured by a deed of trust recorded against real property located in Pomona, California. The deed of trust, which was executed by appellant, specifically states: "MERS is a separate corporation that is acting solely as a

---

[1] The demurrers were filed by respondents and Rex Court Trust, Orange Coast LA LLC (Rex Court Trust), who purchased the property at the nonjudicial foreclosure. Rex Court Trust did not file a respondent's brief on appeal.

nominee for Lender and Lender's successors and assigns, MERS is the beneficiary under this Security Instrument."

Paragraph 20 of the deed of trust states in part: "**Sale of Note; Change of Loan Servicer; Notice of Grievance**. The Note or a partial interest in the Note (together with this Security Instrument) can be sold one or more times without prior notice to Borrower. A sale might result in a change in the entity (known as the 'Loan Servicer') that collects Periodic Payments due under the Note and this Security Instrument and performs other mortgage loan servicing obligations under the Note, this Security Instrument and Applicable Law."

On September 7, 2011, MERS (as nominee of BrooksAmerica) assigned all beneficial interest under the deed of trust to U.S. Bank. Wells Fargo serviced the loan for U.S. Bank. A notice of default was recorded against the Pomona property on May 10, 2010. On July 6, 2010, NDeX West was substituted in as the foreclosure trustee by U.S. Bank. A notice of trustee's sale was recorded on May 17, 2012. On June 12, 2012, the property was sold to Rex Court Trust.

Appellant filed his complaint on May 31, 2012. Appellant filed a first amended complaint in August 2012, which contains claims for declaratory relief and slander of title. The claims in the first amended complaint are predicated on the theory that respondents wrongfully foreclosed on the real property because the original transaction is void due to MERS's failure to comply with state and federal law. The crux of the amended complaint is that the deed of trust was void because it purportedly transferred legal title to the property to MERS.

There are five claims seeking a declaration that certain documents or actions taken by MERS are void because they are predicated on an alleged void deed of trust. The theories upon which appellant claims he is entitled to declaratory relief are: want of consideration (first and fourth); want of a contract object (second); want of consent (third); and tax evasion (fifth).

There are eight slander of title claims against various respondents who allegedly recorded various default notices or other instruments in connection with the foreclosure

3

against the subject property arising out of the void deed of trust. The slander of title claims are against: Wells Fargo Bank (sixth); NDeX West LLC (seventh, eleventh, and thirteenth); MERS (eighth, tenth, and twelfth); and U.S. Bank (ninth).

**The Demurrers**

In September 2012, U.S. Bank, MERS, and Wells Fargo Bank filed a demurrer to the first amended complaint arguing the complaint contained insufficient facts to state a cause of action. They asserted the complaint failed to articulate any misconduct on their part. The first amended complaint was barred by res judicata because appellant raised the same issues concerning the foreclosure in a prior complaint, which was filed on December 28, 2011, *Ruben Ochoa v. BrooksAmerica Mortgage Corp.*, Los Angeles County Superior Court Case No. BC475875. BrooksAmerica's demurrer to the prior complaint was sustained without leave to amend in the prior action. Appellant dismissed with prejudice MERS and Wells Fargo Bank in the prior action.

Respondents also asserted the contention that the original deed of trust was illegal because MERS failed to comply with federal and state law lacks merit given that MERS was a proper beneficiary under the deed of trust. The deed of trust authorized MERS to assign an interest in the real property without a formal recording and to initiate foreclosure proceedings against appellant in the event he defaulted on the note.

NDeX West filed special and general demurrers to the first amended complaint in September 2012. NDeX West argued the first amended complaint was unintelligible. Appellant was not entitled to set aside the nonjudicial foreclosure nor to set aside the original deed of trust given his default on the promissory note. The deed of trust authorized the nonjudicial foreclosure. Allegations in the original verified complaint show that appellant refinanced the property in 2006 for $260,000 and then defaulted on his obligation on the note, which was secured by the deed of trust. Appellant failed to allege tender or willingness and ability to pay the full amount of the outstanding loan balance, which were perquisites to his claim.

NDeX also asserted that the claims were time-barred (Code Civ. Proc., §§ 337, subd. (3), 338) because appellant alleged the deed of trust was void *ab initio* when it was

4

signed in 2006. Res judicata principles barred the current action. The specific claims of separate injuries or theories of recovery lacked merit.

A third demurrer was filed by Rex Court Trust, the purchaser of the foreclosed property. However as previously noted, Rex Court Trust did not file a respondent's brief on appeal.

On October 30, 2012, appellant filed a motion for leave to amend his complaint to add a cause of action that the "deed of trust is void *ab initio* as a criminal forgery." The trial court denied the motion to amend on the grounds appellant failed to provide a copy of the proposed amended pleading and failed to file a separate declaration as mandated by California Rules of Court, rule 3.1324.[2]

On November 8, 2012, appellant filed a motion to take the demurrers off calendar. The trial court denied the motion on the ground the respondents were acting within their rights under Code of Civil Procedure section 430.10 to challenge the sufficiency of the first amended complaint.

On December 4, 2012, the trial court sustained without leave to amend the three separate demurrers to the complaint. The trial court entered a judgment dismissing the action on January 14, 2013. This timely appeal followed.

## DISCUSSION

### I. Standards of Review

"On review from an order sustaining a demurrer, 'we examine the complaint de novo to determine whether it alleges facts sufficient to state a cause of action under any legal theory, such facts being assumed true for this purpose. [Citations.]' [Citation.]" (*Committee For Green Foothills v. Santa Clara County Bd. of Supervisors* (2010) 48 Cal.4th 32, 42.) The complaint is given a reasonable interpretation by reading it as a whole and with all its parts in their context. (*City of Dinuba v. County of Tulare* (2007) 41 Cal.4th 859, 865.) However, the assumption of truth does not apply to contentions, deductions, or conclusions of law and fact. (*Ibid.*) Allegations that are

---

[2] Further unspecified references to rules are to the California Rules of Court.

contrary to the law or to a fact of which judicial notice may be taken will be treated as a nullity. (*Interinsurance Exchange v. Narula* (1995) 33 Cal.App.4th 1140, 1143; *Fundin v. Chicago Pneumatic Tool Co.* (1984) 152 Cal.App.3d 951, 955.) If any proper ground exists for sustaining the demurrer, the ruling must be affirmed. (*Martin v. Bridgeport Community Assn., Inc.* (2009) 173 Cal.App.4th 1024, 1031.)

If insufficient facts are alleged as a matter of law, appellant has the burden of demonstrating how the defective pleading could be cured by amendment. (*Hernandez v. City of Pomona, supra*, 46 Cal.4th at p. 520, fn. 16; *Blank v. Kirwan* (1985) 39 Cal.3d 311, 318.) Appellant has the burden of identifying "some legal theory or state of facts [he] wishes" to add by way of amendment that would change the legal effect of [his] pleading. [Citation.]" (*Hernandez v. City of Pomona, supra*, 46 Cal.4th at p. 520, fn. 16.) A reviewing court decides whether the trial court abused its discretion in determining there was no reasonable possibility that the complaint could have been cured by amendment. (*Schifando v. City of Los Angeles* (2003) 31 Cal.4th 1074, 1081; *Zelig v. County of Los Angeles* (2002) 27 Cal.4th 1112, 1126.)

## II. Nonjudicial Foreclosure Statutes

Civil Code[3] "'sections 2924 through 2924k provide a comprehensive framework for the regulation of a nonjudicial foreclosure sale pursuant to a power of sale contained in a deed of trust. The purposes of this comprehensive scheme are threefold: (1) to provide the creditor/beneficiary with a quick, inexpensive and efficient remedy against a defaulting debtor/trustor; (2) to protect the debtor/trustor from wrongful loss of the property; and (3) to ensure that a properly conducted sale is final between the parties and conclusive as to a bona fide purchaser.' [Citations.]" (*Nguyen v. Calhoun* (2003) 105 Cal.App.4th 428, 440.)

"'A properly conducted nonjudicial foreclosure constitutes a final adjudication of the rights of the borrower and lender. [Citation.] Once the trustee's sale is completed, the trustor has no further rights of redemption. [Citation.]' [Citation.]" (*Melendrez v.*

---

[3] All further statutory references are to the Civil Code unless otherwise stated.

*D & I Investment, Inc.* (2005) 127 Cal.App.4th 1238, 1250.)  There is a presumption that a nonjudicial foreclosure sale "was conducted regularly and fairly.'"  (*Melendrez v. D & I Investment, Inc.*, *supra,* 127 Cal.App.4th at p. 1250.)  The party challenging the trustee's sale has the burden of proving irregularity to overcome the presumption the sale was regular and the resulting prejudice.  (*Herrera v. Federal National Mortgage Assn.* (2012) 205 Cal.App.4th 1495, 1505, 1507-1508.)

### III.  The Adequacy of the Record

Respondents initially argue the judgment should be affirmed on the ground appellant failed to provide an adequate record to assess error.  "A fundamental principle of appellate law is the judgment or order of the lower court is presumed correct and the appellant must affirmatively show error by an adequate record."  (*Parker* v. *Harbert* (2012) 212 Cal.App.4th 1172, 1178.)  We indulge all intendments and presumptions to support the lower court's order on all matters on which the record is silent.  (*Oliveira v. Kiesler* (2012) 206 Cal.App.4th 1349, 1362.)  "It is the burden of appellant to provide an accurate record on appeal to demonstrate error.  Failure to do so precludes an adequate review and results in affirmance of the [lower] court's determination."  (*Estrada v. Ramirez* (1999) 71 Cal.App.4th 618, 620, fn. 1; *Vo v. Las Virgenes Municipal Water Dist.* (2000) 79 Cal.App.4th 440, 448 ["The absence of a record concerning what actually occurred [in the lower court] precludes a determination [of error]"].)  Furthermore, the same standards apply to appellant who is representing himself on appeal because pro per status is not a ground for more lenient treatment.  (*Rappleyea v. Campbell* (1994) 8 Cal.4th 975, 98-985; *Kobayashi v. Superior Court* (2009) 175 Cal.App.4th 536, 543.)

Appellant's appendix does not include any of respondents' pleadings.  Nevertheless, the parties, who filed respondents' briefs, also filed appendices supplying the missing documents.  We have a sufficient basis to assess error against these respondents.  However, the same is not true for Rex Court Trust, which purchased the property at the nonjudicial foreclosure.  Appellant has failed to provide the Rex Court Trust's demurrer.  We have no basis for concluding that the trial court erred in dismissing

7

the first amended complaint against Rex Court Trust, therefore the judgment against this party is affirmed on that ground.

## IV. The Demurrers

Appellant's complaint rested on the theory that the nonjudicial foreclosure was invalid because of irregularities in the foreclosure process stemming from the original lender's nomination of MERS as the beneficiary under the deed of trust. "As case law explains, 'MERS is a private corporation that administers the MERS System, a national electronic registry that tracks the transfer of ownership interests and servicing rights in mortgage loans. Through the MERS System, MERS becomes the mortgagee of record for participating members through assignment of the members' interests to MERS. MERS is listed as the grantee in the official records maintained at county register of deeds offices. The lenders retain the promissory notes, as well as the servicing rights to the mortgages. The lenders can then sell these interests to investors without having to record the transaction in the public record. MERS is compensated for its services through fees charged to participating MERS members.' [Citation.] 'A side effect of the MERS system is that a transfer of an interest in a mortgage loan between two MERS members is unknown to those outside the MERS system.' [Citation.]" (*Gomes v. Countrywide Home Loans, Inc.* (2011) 192 Cal.App.4th 1149, 1151.)

Appellant alleged he was entitled to declaratory relief and damages for slander of title because the nomination of MERS was void and thereby rendered invalid the subsequent transactions which led to the sale of the real property by nonjudicial foreclosure.

Code of Civil Procedure section 1060 allows declaratory relief to parties to contracts or written instruments "in cases of actual controversy relating to the legal rights and duties of the respective parties." "A complaint for declaratory relief is legally sufficient if it sets forth facts showing the existence of an actual controversy relating to the legal rights and duties of the respective parties under a written instrument and requests that these rights and duties be adjudged by the court." (*Hollenbeck Lodge v. Wilshire Boulevard Temple* (1959) 175 Cal.App.2d 469, 476.) However, a trial court

8

properly sustains a demurrer to a declaratory relief claim which is "wholly derivative" of other non-viable claims in the complaint. (*Ochs v. PacifiCare of California* (2004) 115 Cal.App.4th 782, 794.)

"Slander or disparagement of title occurs when a person, without a privilege to do so, publishes a false statement that disparages title to property and causes the owner thereof "'some special pecuniary loss or damage.'" [Citation.] The elements of the tort are (1) a publication, (2) without privilege or justification, (3) falsity, and (4) direct pecuniary loss. [Citations.]" (*Sumner Hill Homeowners' Assn., Inc. v. Rio Mesa Holdings, LLC* (2012) 205 Cal.App.4th 999, 1030.)

For the reasons stated below, we conclude the trial court properly sustained the demurrers to the complaint.

### A. The Complaint Does Not Allege Tender.

Appellant claims he is entitled to declaratory relief or damages from the nonjudicial foreclosure on the Pomona property. "As a general rule, a debtor cannot set aside the foreclosure based on irregularities in the sale without also alleging tender of the amount of the secured debt. [Citations.] 'The rationale behind the rule is that if [the borrower] could not have redeemed the property had the sale procedures been proper, any irregularities in the sale did not result in damages to the [borrower].' [Citations.]" (*Shuster v. BAC Home Loans Servicing, LP* (2012) 211 Cal.App.4th 505, 512.) "In order to maintain any cause of action for irregularity in the sale procedure," appellant was required to allege tender of the amount of secured indebtedness. (*Abdallah v. United Saving Bank* (1996) 43 Cal.App.4th 1101, 1109; *FPCI RE-HAB 01 v. E & G Investments, Ltd.* (1989) 207 Cal.App.3d 1018, 1021-1022.) The first amended complaint did not allege tender so the trial court did not err in sustaining demurrers to the complaint on this ground.

Appellant contends the tender rule is inapplicable because the sale was void. A borrower is not required to assert tender when a deed of trust is void on its face. (*Shuster v. BAC Home Loans Servicing, LP, supra,* 211 Cal.App.4th at p. 512.) Indeed, appellant's entire complaint is based on his theory that the deed of trust is invalid because

9

MERS was the beneficiary of the deed of trust. However, appellant executed the deed of trust authorizing MERS to act as beneficiary to initiate foreclosure proceedings. By executing the deed of trust, appellant agreed that MERS was authorized to act as beneficiary to foreclose on the property when appellant defaulted on the note. (*Gomes v. Countrywide Home Loans, Inc., supra,* 192 Cal.App.4th at p. 1158.)

Furthermore, allegations in the first amended complaint do not establish that the deed of trust was void at the inception. Appellant did not allege that there was any fraud or illegality in executing the deed of trust only that he did not understand what he was executing. At most, the allegations of the complaint establish a voidable transaction not a void transaction. (See *West v. JPMorgan Chase Bank, N.A.* (2013) 214 Cal.App.4th 780, 801-802; *Dimock v. Emerald Properties* (2000) 81 Cal.App.4th 868, 877.) The failure to allege facts showing any basis to avoid the tender rule renders his complaint insufficient as a matter of law.

## B. The Current Action Is Barred By The Doctrine of Res Judicata.

The trial court correctly concluded that the current action is barred under res judicata principles. "'The doctrine of res judicata precludes parties or their privies from relitigating a cause of action that has been finally determined by a court of competent jurisdiction.' [Citation.]" (*Kopp* v. *Fair Pol. Practices Com.* (1995) 11 Cal.4th 607, 620.) The doctrine of res judicata has a double aspect: claim preclusion and collateral estoppel. (*Boeken v. Philip Morris USA, Inc.* (2010) 48 Cal.4th 788, 797.) Claim preclusion, which is the primary aspect "'operates as a bar to the maintenance of a second suit between the same parties on the same cause of action. [Citation.]' [Citation.]" (*Ibid*.) The collateral estoppel aspect operates in a second suit based on a different cause of action 'as an estoppel or conclusive adjudication as to such issues in the second action as were actually litigated and determined in the first action.' [Citation.]' [Citation.]" (*Ibid*.) In both aspects, res judicata bars a subsequent action when the party asserting it

proves: identical claims; a final judgment; and the party against whom the doctrine is asserted was a party or in privity with a party in the prior adjudication. (*Ibid*; *Levy v. Cohen* (1977) 19 Cal.3d 165, 171.)

This case concerns the claim preclusion aspect of res judicata. "To determine whether two proceedings involve identical causes of action for purposes of claim preclusion, California courts have "'consistently applied the "'primary rights' theory.' [Citation.] Under this theory, '[a] cause of action . . . arises out of an antecedent primary right and corresponding duty and the . . . breach of such primary right and duty by the person on whom the duty rests. 'Of these elements, the primary right and duty and the delict or wrong combined constitute the cause of action in the legal sense of the term. . . .'" [Citation.]" (*Boeken v. Philip Morris USA, Inc.*, *supra*, 48 Cal.4th at p. 797.) The res judicata doctrine is applied based on the "the right to obtain redress for a harm suffered regardless of the specific remedy sought or the legal theory (common law or statutory) advanced. [Citations.]" (*Ibid*.) "Even where there are multiple legal theories upon which recovery might be predicated, one injury gives rise to only one claim for relief. "'Hence a judgment for the defendant is a bar to a subsequent action by the plaintiff based on the same injury to the same right, even though he presents a different *legal ground* for relief." [Citations.]' Thus, under the primary rights theory, the determinative factor is the harm suffered. When two actions involving the same parties seek compensation for the same harm, they generally involve the same primary right. [Citation.]" (*Ibid*.)

The application of collateral estoppel and res judicata doctrines are legal questions subject to de novo review. (*Roos v. Red* (2005) 130 Cal.App.4th 870, 878; *Groves v. Peterson* (2002) 100 Cal.App.4th 659, 667.) The party asserting the application of res judicata has the burden of proving the requirements. (*Lucido* v. *Superior Court* (1990) 51 Cal.3d 335, 341; *Vella* v. *Hudgins* (1977) 20 Cal.3d 251, 257.)

11

In this case, judicially noticed documents establish that appellant filed a prior complaint which asserted appellant was entitled to relief from the foreclosure proceedings on the Pomona property because the deed of trust was void *ab initio*. The prior complaint was dismissed in its entirety after the trial court sustained the original lender's demurrer without leave to amend. Before the trial court dismissed the prior complaint, appellant dismissed with prejudice MERS and Wells Fargo Bank from the action. The dismissal with prejudice constituted a final judgment or retraxit for res judicata purposes. (*Legendary Investors Group No. 1, LLC v. Niemann* (2014) 224 Cal.App.4th 1407, 1411, citing *Estate of Redfield* (2011) 193 CalApp.4th 1526, 1533.) The record does not show that appellant appealed the judgment dismissing his prior complaint, which is a now final. Accordingly, the trial court correctly concluded that the doctrine of res judicata barred this action which is based on the same primary right i.e. whether the deed of trust was void.

**C. Appellant is not entitled to any relief because the loan was securitized.**

Appellant claims he is entitled to a declaration of rights because of a controversy over respondents' authority to initiate a foreclosure which was accomplished through a pooling and service agreement. Courts have concluded that claims for damages for wrongful initiation of foreclosure and for declaratory relief concerning MERS and the securitized market process do not state a cause of action as a matter of law. (*Robinson v. Countrywide Home Loans, Inc.* (2011) 199 Cal.App.4th 42, 46, citing *Gomes v. Countrywide Home Loans, Inc., supra*, 192 Cal.App.4th at pp. 1152, 1154-1157.)

Securitization arguments by defaulting borrowers have been rejected, for among other grounds, a lack of standing. "'Because a promissory note is a negotiable instrument, a borrower must anticipate it can and might be transferred to another creditor. As to [appellant] an assignment merely substituted one creditor for another, without

12

changing her obligations under the note.' [Citation.]" (*Jenkins v. JP Morgan Chase Bank, N.A.* (2013) 216 Cal.App.4th 497, 515.) Securitization of the loan did not deprive appellant of any interest in the loan. Any such invalid transfer did not change appellant's obligations under the note. "As an unrelated third party to the alleged securitization, and any other subsequent transfers of the beneficial interest under the promissory note, [appellant] lacks standing to enforce any agreements" or to raise violations of the pooling and service agreements. (*Ibid*.) Consequently, even if there was an improper securitization, invalid assignment or transfer of the promissory note after execution of the note, the only relevant parties to the transaction were the transferor and transferee of the note. Appellant has failed to show an actual controversy between him and respondents over the validity of any transfers of the note after he executed it. (*Ibid*.)

For that reason, we disagree with appellant that *Glaski v. Bank of America* (2013) 218 Cal.App.4th 1079 requires a different result. *Glaski* concluded that a borrower could challenge a nonjudicial foreclosure based on allegations that noncompliance with the terms of a pooling and service agreement rendered an assignment in the chain of title void. But, as noted in *Yvanova v. New Century Mortgage Corp.* (2014) 226 Cal.App.4th 495, no California Court has followed *Glaski* and its holding has been rejected by a number of district courts. (See *Yvanova, supra*, at p. 502, and cases cited therein.)

An additional reason appellant's argument must be rejected is that MERS was named as the beneficiary of the deed of trust, which authorized a substitution of trustee and the right to foreclose on the property. (See *Kachlon v. Markowitz* (2008) 168 Cal.App.4th 316, 334.) Appellant executed the deed of trust which named MERS as the beneficiary. A substitution of trustee was signed by MERS, the record beneficiary, and recorded before the notice of sale. The nonjudicial foreclosure was initiated by NDeX West, as agent for the record beneficiary.

13

"California's statutory nonjudicial foreclosure scheme (§§ 2924–2924k) does not require that the foreclosing party have a beneficial interest in or physical possession of the note. [Citations.] Section 2924, subdivision (a)(1) specifically permits the 'trustee, mortgagee, or beneficiary, or any of their authorized agents' to institute foreclosure by recording a notice of default. [Citation.]" (*Shuster v. BAC Home Loans Servicing, LP, supra,* 211 Cal.App.4th at pp. 511-512; see also *Debrunner* v. *Deutsche Bank National Trust Company* (2012) 204 Cal.App.4th 433, 441.)

Section 2924, subdivision (d) provides that a trustee's actions in "mailing, publication and delivery of notices" and performance of the statutory procedures are privileged under section 47. The privilege applies to any tort except malicious prosecution. (*Rusheen v. Cohen* (2006) 37 Cal.4th 1048, 1057; *Kachlon v. Markowitz, supra,* 168 Cal.App.4th at pp. 335-336.) Thus, the actions taken to comply with obligatory notice requirements in the nonjudicial foreclosure are privileged because there were no allegations that any action was done maliciously. Rather, the complaint and judicially noticed documents show the notices were recorded after appellant defaulted.

There is no merit to the claim that MERS or any authorized agent could not foreclose on the property after appellant's default on the note. Appellant has not shown that he was entitled to any relief based on the allegations of the complaint thus we find the trial court properly sustained the demurrers.

## V. Amendment of the Complaint

In the appeal, appellant asserts he should have been granted leave to amend the complaint to cure the deficiencies. Appellant asserts that, under liberal pleading standards, the trial court abused its discretion in denying him leave to file an amended complaint after sustaining the demurrers. However, appellant must do more than simply "assert 'an abstract right to amend.'" [Citation.] (*Rossberg v. Bank of America, N.A.* (2013) 219 Cal.App.4th 1481, 1504.) Appellant was required to "'clearly and

14

specifically' set forth the legal authority for the claims [he contends he] can allege, the elements of each of those claims, and the specific factual allegations that would establish each of those elements. [Citation.]" (*Ibid.*)

Appellant did not offer any additional facts much less clear and specific factual allegations to support his proposed amendment in the trial court nor has he done so in the appeal. Instead, on appeal appellant claims he should be given an opportunity to amend based on a number of arguments and claims, which are not supported by any pertinent legal authorities, meaningful analysis or specific facts. "When an issue is unsupported by pertinent or cognizable legal argument it may be deemed abandoned and discussion by the reviewing court is unnecessary. [Citations.]" (*Landry v. Berryessa Union School Dist.* (1995) 39 Cal.App.4th 691, 699-700.) We will not develop appellant's arguments nor is it our function to search the record to determine whether it contains support for appellant's assertions of error. (Rule 8.204(a)(1)(B); *Niko v. Foreman* (2006) 144 Cal.App.4th 344, 368; *Berger v. California Ins. Guarantee Assn.* (2005) 128 Cal.App.4th 989, 1007.) Moreover, it is of no consequence that appellant was representing himself in this matter because he like any other litigant is bound by procedural rules. "Under the law, a party may choose to act as his or her own attorney. [Citations.] '[S]uch a party is to be treated like any other party and is entitled to the same, but no greater consideration than other litigants and attorneys. [Citation.]' [Citation.]" (*Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1246-1247.) A pro. per. litigant is "held to the same restrictive procedural rules as an attorney." (*Bistawros v. Greenberg* (1987) 189 Cal.App.3d 189, 193.)

Appellant is also urging that the judgment be reversed so he can litigate whether respondents: complied with section 2923.5 and former section 2923.52 (repealed on January 1, 2011 by Stats. 2009-2010, 2nd Ex. Sess., ch. 5 (A.B. 7) § 3; violated various common law and statutory (Federal Truth in Lending Act (15 U.S.C. § 1601 et seq.), the

15

Federal Real Estate Settlement and Procedures Act (12 U.S.C. § 2601 et seq.) (RESPA) including actions by the original lender BrooksAmerica which was dismissed in the prior action; and violated Government Code section 27279 by not recording the transfers in order to evade tax obligations. We do not consider any of these issues which have been forfeited because they were raised for the first time on appeal. (*Gray1 CPB, LLC v. SCC Acquisitions, Inc.* (2014) 225 Cal.App.4th 410, 424; *In re Marriage of Zimmerman* (2010) 183 Cal.App.4th 900, 912.)

As previously noted, the doctrine of res judicata and appellant's failure to allege tender bars the action on any new theories. Thus, there is no basis for allowing subsequent amendments to a complaint, which was barred as a matter of law. Accordingly, we conclude the trial court did not abuse its discretion by refusing to allow appellant to further amend the complaint. (*Hernandez v. City of Pomona, supra,* 46 Cal.4th at p. 522.)

## VI. The Motions to Amend and Take Demurrers Off Calendar

Appellant challenges the trial court's rulings denying his motions to amend the complaint to allege "a criminal" forgery and to take the demurrers off calendar. Neither claim has merit.

The trial court denied the motion to amend the first amended complaint because appellant failed to comply with procedural rules for requesting leave to amend a complaint. Rule 3.1324 requires a party seeking leave to amend a pleading to provide a copy of the proposed pleading accompanied by a declaration in support of the motion. Appellant's failure to comply with the procedural mandate of rule 3.1324 was sufficient reason to deny the motion to amend. As noted above, we afford appellant no greater consideration because he is representing himself than we would give to other litigants and attorneys. (See *Nwosu v. Uba*, *supra*, 122 Cal.App.4th at pp. 1246-1247.)

16

Appellant is also incorrect that the trial court committed reversible error by refusing to take the demurrers to the first amended complaint off calendar once the amended complaint was proposed. Code of Civil Procedure section 472 states: "Any pleading may be amended once by the party of course, and without costs, at any time before the answer or demurrer is filed, or after demurrer and before the trial of the issue of law thereon, by filing the same as amended and serving a copy on the adverse party, and the time in which the adverse party must respond thereto shall be computed from the date of notice of the amendment." The plain language of this statute gave appellant the right to a single amendment of the original complaint without leave of court; additional amendments were subject to the court's discretion. (Code Civ. Proc., § 473, subd. (a)(1); *Tingley v. Times Mirror* (1907) 151 Cal. 1, 10-11; *Alden v. Hindin* (2003) 110 Cal.App.4th 1502, 1508-1509; *Leader v. Health Industries of America, Inc.* (2001) 89 Cal.App.4th 603, 612; compare *Barton v. Khan* (2007) 157 Cal.App.4th 1216, 1218-1221.)

## DISPOSITION

The judgment is affirmed. Respondents are awarded their costs on appeal.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.

_____, J. *
FERNS

We concur:


_____, P. J.
BOREN


_____, J.
CHAVEZ

---

\*    Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

17